**Patrick SUDDS, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 14-02-01241-CR, 14-02-01242-CR, 14-02-01244-CR, 14-02-01245-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 29, 2004.

---

Don D. Becker, Houston, for Appellant.

Amanda Joy Peters, Houston, for State.

Panel consists of Justices EDELMAN, FROST, and SEYMORE.

**MAJORITY OPINION**

KEM THOMPSON FROST, Justice.

This case presents an interesting and unsettled issue regarding the proper standard of review for evaluating a criminal defendant's challenge to the sufficiency of the evidence supporting a venue determination. Appellant Patrick Sudds, who was convicted on four counts of sexual assault of a child, contends the evidence was legally and factually insufficient to prove venue in Harris County for trial court cause numbers 908118 and 908119. He also claims his trial counsel provided ineffective assistance during the punishment phase of trial. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November of 2001, four-year-old K.L.B. was visiting her aunt in Bryan, Texas. According to the aunt's testimony, K.L.B. told her that appellant had sexually abused K.L.B. and K.L.B.'s older sister, five-year-old K.K.B. Specifically, the aunt testified K.L.B. confided that appellant had forced her and K.K.B. to perform oral sex on him, and she described what happened. K.K.B. was not staying with the aunt at the time K.L.B. made these statements. The aunt testified that she first telephoned the girls' mother and recounted the allegations K.L.B. had made. The aunt took K.L.B. to the Child Protective Services office in Bryan after K.L.B.'s mother allegedly suggested to the aunt in their phone conversation that K.L.B. was not telling the truth. K.L.B. was then taken to Scotty's House, a child advocacy center in Bryan, where she discussed the allegations in a videotaped conversation with a forensic interviewer. Later, K.K.B. made similar allegations when talking with a representative at the Children's Assessment Center in Houston. Appellant denied the allegations. He later provided a statement to an officer with the Houston Police Department, in which he stated K.K.B. had seen him masturbating while he was viewing a pornographic film.

Appellant was charged by indictment with four counts of aggravated sexual assault of a child. *See* TEX. PEN.CODE ANN. § 22.011 (Vernon 2003). A jury found appellant guilty in all four cases and sentenced him to twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division in each of the four cases. The trial court granted the State's motion to cumulate the sentences, but only as to cause numbers 908117 and 908118.

## II. ISSUES PRESENTED

(1) Is the evidence legally and factually sufficient to prove appellant committed the charged offenses against K.L.B. in Harris County?

(2) Did appellant's trial counsel provide ineffective assistance by failing to present witnesses during the punishment phase and by not filing a motion for probation?

## III. ANALYSIS

**A. Venue**

In his first issue, appellant argues the evidence is legally and factually insufficient to prove appellant committed the offenses charged in cause numbers 908118 and 908119 in Harris County.[1]

As a general rule, venue is proper in the county in which a sexual offense is alleged to have taken place. TEX.CODE CRIM. PROC. ANN. art. 13.15 (Vernon Supp. 2004). The burden of proof is on the State to establish proper venue by a preponderance of the evidence. TEX.CODE CRIM. PROC. ANN. art. 13.17 (Vernon 1977). Failure to prove venue in the county of prosecution is reversible error. *See Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983).

There is uncertainty in the case law as to whether a criminal defendant can attack the factual sufficiency of a venue determination and as to the standard of review for evaluating challenges to the sufficiency of the evidence supporting venue. The Court of Criminal Appeals first articulated a factual-sufficiency standard of review in a criminal case in *Meraz v. State*. *See Zuniga v. State*, No. 539–02, 2004 WL 840786, at *4, ⸺ S.W.3d ⸺, ⸺ (Tex.Crim. App. Apr.21, 2004) (citing *Meraz v. State*, 785 S.W.2d 146 (Tex.Crim.App.1990)). Prior to *Meraz*, our high court articulated a single standard for reviewing the sufficiency of the evidence in the context of venue: "It is sufficient if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged." *Rippee v. State*, 384 S.W.2d 717, 718 (Tex.Crim.App.1964). Although this standard does not require the reviewing court to view the evidence in a light favoring venue,[2] it is nonetheless a legal-sufficiency standard because, if the evidence supporting the venue determination is insufficient, the appellant is entitled to a judgment of acquittal. *See Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App.1983) (concluding appellant's motion for acquittal was improperly denied because the evidence was insufficient to support venue determination); *Knabe v. State*, 836

---

1. Appellant does not contest venue as to the offenses charged in cause numbers 908116 and 908117.

2. The concurring opinion states that there is nothing in *Rippee* or in other Texas authority that would support the notion that a legal-sufficiency review of the venue determination should be conducted without viewing the evidence in the light favoring venue. Though the *Rippee* court does not explicitly address whether the reviewing court should view the evidence in a light favoring venue, it states that "[i]t is sufficient if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged." *Rippee*, 384 S.W.2d at 718. Judge Onion has stated that "[i]t has been repeatedly held that the evidence as to venue is sufficient if the jury may reasonably conclude from it that the offense was committed in the county alleged." *Black v. State*, 645 S.W.2d 789, 793 (Tex. Crim.App.1983) (Onion, P.J., dissenting). Courts of this state, including this court, have repeatedly applied the *Rippee* standard of review in the venue context and made no mention that they were viewing the evidence in a light favoring venue. *See, e.g., Edwards v. State*, 97 S.W.3d 279, 285 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd); *Soliz v. State*, 60 S.W.3d 162, 164 (Tex.App.-Houston [14th Dist.] 2001), *rev'd on other grounds*, 97 S.W.3d 137 (Tex.Crim.App.2003); *Adams v. State*, 936 S.W.2d 313, 314 (Tex.App.-Tyler 1996, pet ref'd); *Knabe v. State*, 836 S.W.2d 837, 839 (Tex.App.-Fort Worth 1992, pet. ref'd). In analyzing the sufficiency of the evidence to support the venue determination, some courts have considered the evidence indicating that venue was not proper in the trial court. *See, e.g., Adams*, 936 S.W.2d at 314–15 (considering evidence indicating offense occurred in Panola County as well as evidence that offense occurred in Shelby County). Although it would seem reasonable to view the evidence in a light favoring venue in reviewing the legal sufficiency of the evidence supporting the venue determination, this court has not found a precedent in Texas criminal law or procedure that has articulated this standard of review.

S.W.2d 837, 839–40 (Tex.App.-Fort Worth 1992, pet. ref'd) (holding acquittal should be directed in favor of defendant in aggravated-sexual-assault-of-child case because, under *Rippee* standard, evidence was insufficient to support venue determination).

Since *Meraz* and the articulation of standards for factual-sufficiency review in criminal cases, some courts of appeals have continued to utilize the single standard set forth in *Rippee* when reviewing the sufficiency of the evidence to support venue determinations. *See, e.g., Edwards v. State,* 97 S.W.3d 279, 285 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (quoting *Rippee v. State,* 384 S.W.2d 717, 718 (Tex.Crim.App.1964)). In other cases, however, courts have allowed challenges to both the legal and factual sufficiency of the evidence to support venue determinations, applying the usual standards of review for legal and factual sufficiency in criminal cases. *See, e.g., Soliz v. State,* No. 14–99–01095–CR, 2003 WL 22433813, at *2 (Tex.App.-Houston [14th Dist.] Oct. 28, 2003, no pet.) (not designated for publication) (reviewing factual sufficiency of venue determination using standard articulated in *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000)); *Aguirre v. State,* No. 08–02–00104–CR, 2003 WL 21810961, at *3 (Tex.App.-El Paso Aug.7, 2003, pet. ref'd) (not designated for publication) (same as *Soliz* ); *Urbanski v. State,* 993 S.W.2d 789, 796 (Tex.App.-Dallas 1999, no pet.) (reviewing venue determination for both legal and factual sufficiency, although stating that court assumed without deciding that the appellant was entitled to a factual-sufficiency review); *Crain v. State,* No. 14–97–00234–CR, 1998 WL 418846, at *6 (Tex.App.-Houston [14th Dist.] July 23, 1998, no pet.) (not designated for publication) (reviewing factual sufficiency of venue determination using standard articulated in *Clewis v. State,* 922 S.W.2d 126, 129–30 (Tex.Crim.App.1996)). The Court of Criminal Appeals has not decided whether an appellant may attack the factual sufficiency of a venue determination. In one recent case, the Court of Criminal Appeals reviewed the sufficiency of the evidence to support a venue determination under what appeared to be the single standard of review from *Rippee,* although the court cited no cases for the standard of review that it applied. *See Murphy v. State,* 112 S.W.3d 592, 603–04 (Tex.Crim.App.2003) (concluding a rational jury could have found venue was proper in the trial court under the applicable venue statute).

If a factual-sufficiency review is available as to venue issues, it would be difficult to craft a remedy in such cases. When a reviewing court determines that the evidence is factually insufficient, the appropriate remedy is to reverse the judgment and remand for a new trial. *Clewis v. State,* 922 S.W.2d 126, 133–34 (Tex.Crim.App.1996). Though venue must be established, it is not a "criminative fact" and thus not an essential element of the offense. *Boyle v. State,* 820 S.W.2d 122, 140 (Tex.Crim.App.1989), *overruled on other grounds, Gordon v. State,* 801 S.W.2d 899, 911 n. 13 (Tex.Crim.App.1990). It would be an unusual remedy to grant an appellant a new trial on the entire case if the evidence and the law show that the conviction and sentence are proper in all respects except that the evidence was factually insufficient as to venue. On the other hand, it would seem difficult, if not impossible, for a second jury to retry only the venue issue. In part because of the procedural difficulties of remanding for a retrial as to venue, the Texas Supreme Court has held that venue determinations may not be attacked for factual sufficiency in civil cases. *See Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 757–58 (Tex.1993). The Court of Criminal Appeals has not explicitly sanctioned challenges as to the factual sufficiency of venue determinations in criminal cases. As an intermediate court of appeals, we decline to extend the law to

allow such challenges. Until the Court of Criminal Appeals clarifies the appropriate standard of review for challenging the legal sufficiency of venue determinations, we will continue to apply the *Rippee* standard in these cases. *See Rippee*, 384 S.W.2d at 718; *Edwards*, 97 S.W.3d at 285. Therefore, we reject appellant's factual-sufficiency challenge and review the record to determine if, from the evidence, the jury reasonably could have concluded that the offenses in cause numbers 908118 and 908119 were committed in Harris County. *See Rippee*, 384 S.W.2d at 718; *Edwards*, 97 S.W.3d at 285.

In support of his contention that the evidence of venue is insufficient, appellant points to K.L.B.'s testimony that the acts occurred while she was in Midway, Texas. Testimony revealed that, in the videotaped conversation in Bryan, K.L.B. indicated at least one of the acts occurred "at school"; however, K.L.B. was not old enough to be in school at the time. During trial, K.L.B. first testified that she was "at her Nana's house" when at least one of the incidents occurred, and that it happened while her mother was at work. The woman K.L.B. refers to as "Nana" is her maternal grandmother, who lived in Harris County at the time of the incidents. Later in her testimony, five-year-old K.L.B. stated that those events happened in Midway, which is not in Harris County. K.L.B. lived in Midway with her great-grandmother and aunt until August of 2001, when she moved to Houston (Harris County) to live with her mother and appellant. K.L.B.'s mother testified that while the girls were living in Midway, she and appel-

lant would make trips to visit them. The credibility of the witnesses and their testimony is within the domain of those matters entrusted to a jury for resolution. TEX.CODE CRIM. PROC. art. 38.04; *see Garcia v. State*, 919 S.W.2d 370, 382 n. 6 (Tex. Crim.App.1996) (op. on reh'g) (per curiam). The jury is not only entitled to resolve conflicts but can even choose to disbelieve any recantation. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). Therefore, the jury could have chosen to disbelieve K.L.B.'s inconsistent statement that the events occurred in Midway.

Additional testimony placed the incidents in Harris County. The outcry witness, K.L.B.'s aunt, testified that K.L.B. told her the incidents happened at the apartment off of Gulf Bank, which is in Harris County. The girls lived with their mother and appellant in two different apartments on Gulf Bank, apartments 2611 and 2112. The four lived in apartment 2611 from August 2001 until October of 2001, and then moved into the second apartment with K.L.B.'s maternal grandmother (Nana). The investigating officer stated that she was under the impression the events took place at apartment 2611. In addition, K.K.B. testified the acts against her occurred at her "Nana's house" while K.L.B. was in the living room. We conclude that, based on the evidence at trial, the jury reasonably could have concluded that the offenses in cause numbers 908118 and 908119 were committed in Harris County. *See Rippee*, 384 S.W.2d at 718. Furthermore, we note that, even if we were to apply an ordinary legal and factual sufficiency analysis,[3] the

---

**3.** If appellant were entitled to a factual-sufficiency review, we would look to the Court of Criminal Appeals's recent pronouncements in *Zuniga*, in which our high court sought to clarify the standard for this type of review in the criminal context. *See Zuniga*, 2004 WL 840786, at *4. In doing so, the court agreed

with the Texas Supreme Court that the burden of proof at trial dictates what the standard of review will be on appeal. *Id.* at *7. Thus, if we were to conduct an ordinary legal and factual sufficiency review of the venue determination in this case, the standard of review for legal sufficiency would be:

evidence still would be legally and factually sufficient to support venue in Harris County. Accordingly, we hold that the evidence was sufficient to support venue in Harris County, and we overrule appellant's first issue.

### B. Ineffective Assistance of Counsel Claim

In his second issue, appellant contends his trial counsel provided ineffective assistance because counsel failed to present witnesses during the punishment phase and did not file a motion for probation despite appellant's purported eligibility.

▆▆▆▆ Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; Tex. Const. art. I, § 10; TEX.CODE CRIM. PROC. art. 1.051 (Vernon Supp.2004). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales,* 945 S.W.2d 830, 835 (Tex.Crim.App.1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland,* 466 U.S. at 688–92, 104 S.Ct. 2052. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998).

▆▆▆▆ In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *See Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Appellant has the burden to rebut this presumption by presenting evidence illustrating why trial counsel did what he did. *See id.* An appellant cannot meet this burden when counsel's actions may have been based on tactical decisions and the record does not specifically focus on the reasons for trial counsel's conduct. *See Bone v. State,* 77 S.W.3d 828, 830 (Tex.Crim.App.2002). When there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See id.* at 833. If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State,* 23 S.W.3d 198, 208–09 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

▆▆▆▆ Here, appellant filed a motion for new trial in each case, but did not raise the issue of ineffective assistance of counsel in either. The record does not indicate a hearing was held on either motion, and in due course, the motions were overruled by operation of law. Thus, the record contains no evidence of the reasoning and strategy underlying trial counsel's actions. In the face of a silent record, this court

Considering all of the evidence in the light most favorable to the venue determination, was a jury rationally justified in finding venue by a preponderance of the evidence? *See Zuniga,* 2004 WL 840786, at *7; *McDuff v. State,* 939 S.W.2d 607, 614 (Tex.Crim.App. 1997). The factual-sufficiency standard of review would be:

Considering all of the evidence in a neutral light, was a jury rationally justified in finding venue by a preponderance of the evidence? *See Zuniga,* 2004 WL 840786, at *7.

will not speculate about why trial counsel did not present witnesses during the punishment phase or about why counsel did not file a motion for probation. *See Jackson,* 877 S.W.2d at 771. In the absence of any evidence to the contrary, we cannot conclude the performance of appellant's trial counsel during the punishment phase was deficient. *See Freeman v. State,* 125 S.W.3d 505, 506–07 (Tex.Crim.App.2003). Accordingly, we overrule appellant's second issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.

RICHARD H. EDELMAN, Justice, concurring.

I agree with the majority opinion except in the following respects. First, it observes that the legal sufficiency standard in *Rippee* does not require the reviewing court to view the evidence in a light favoring venue. Based on this observation, the majority opinion conducts an undefined, hybrid sufficiency review that considers evidence not supporting the venue finding.

Having been decided before the current distinction was drawn between legal and factual sufficiency review, *Rippee* does not expressly or impliedly indicate that a legal sufficiency review can be conducted without viewing the evidence in the light favoring the challenged finding. Nor am I aware of any authority or rationale in any other context for conducting a legal sufficiency review in that manner, which would be fundamentally at odds with the very concept of a legal sufficiency review.

In addition, I agree with the Texas Supreme Court that such a review of essentially the factual sufficiency of evidence to support venue would serve no useful purpose:

> This review should be conducted like any other review of a trial court's fact findings and legal rulings, except that the evidence need not be reviewed for factual sufficiency. If there is probative evidence to support the trial court's [venue] determination, even if the preponderance of the evidence is to the contrary, we believe the appellate court should defer to the trial court. A remand to reconsider the issue, which is the relief ordinarily afforded for factual insufficiency of the evidence, would only increase the expense and delay of litigation in order to resolve an issue which, though important, is unrelated to the merits.... (Would a second trial be required?) The statute does not mandate factual sufficiency review, and we believe it is neither necessary nor wise.

*Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 758 (Tex.1993).