NO. 07-04-0278-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 2, 2005


______________________________



ABEL REYNA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;



NO. 02-2122; HON. CARTER T. SCHILDKNECHT, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Abel Reyna appeals from his two convictions for aggravated sexual
assault. His appeal is premised on his contentions that 1) the trial court erred in admitting
two extraneous offenses during the guilt/innocence phase of the trial, 2) the trial court erred
in admitting the hearsay statements of a victim of an extraneous offense, and 3) the
evidence is legally and factually insufficient to show that the offense occurred in Garza
County. We affirm the judgment of the trial court. 

 Background

 On June 12, 2001, appellant and the 18-year-old complainant were at a party next
door to the home of appellant's girlfriend. At some point, appellant and the complainant left
with other friends of the complainant in her car to purchase beer and drive around. 
Eventually, the friends were dropped off at other locations, and the complainant was left
alone in the car with appellant driving it. She asked him to take her to her friend's house,
but he did not do so. Instead, he made stops at several other places including a motel
room registered in his name. At one point, he returned with some cocaine which he told
the complainant to snort. She became drowsy, and when she awoke she did not know
where she was. Appellant removed her clothes in the car and assaulted her in the front
seat while threatening both to cut her throat and to anally rape her. After the assault was
over, appellant drove the complainant to the apartments where his parents lived, and when
he got out, she locked the doors and drove away. Shortly thereafter, she reported the
assault to police.

Issue One - Admission of Extraneous Offenses


 In his first issue, appellant contests the admission of evidence that two other women
had been sexually assaulted by him on separate occasions. We overrule the issue.

 Maria Garcia testified to a sexual assault by appellant in 1992. Treva Hill, a volunteer
with the Lubbock Rape Crisis Center, also testified to a sexual assault by appellant on
Amanda West in 2001. The State admitted the testimony as evidence of intent to engage
in sexual conduct without consent and found that the danger of unfair prejudice did not
substantially outweigh the probative value of the evidence. The jury received a limiting
instruction informing them that they could consider the evidence only for the purpose of
determining the intent of the defendant and whether or not the sexual encounter was
consensual.

 The admission of extraneous offenses is reviewed for abuse of discretion. Rankin
v. State, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). Thus, we must uphold the trial
court's decision to admit the evidence as long as it falls within the zone of reasonable
disagreement. Wheeler v. State, 67 S.W.3d 879, 889 (Tex. Crim. App. 2002). 

 Under Rule 404(b) of the Rules of Evidence, evidence of other crimes, wrongs, and
acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident. If admissible for one of those reasons, the
evidence may nonetheless be excluded under Rule 403, "if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403. 

 Next, lack of consent is an essential element of aggravated sexual assault, which
element the State must prove. Tex. Pen. Code Ann. §22.021(a)(1)(A) (Vernon Supp. 2004-05); Brown v. State, 96 S.W.3d 508, 512 (Tex. App.-Austin 2002, no pet.); Garrett v. State,
998 S.W.2d 307, 316 (Tex. App.-Texarkana 1999, pet. ref'd, untimely filed). When the
accused raises a defensive theory of consent, as appellant did here, he necessarily
disputes his intent to commit the act without the complainant's consent. Brown v. State,
96 S.W.3d at 512; Webb v. State, 995 S.W.2d 295, 298 (Tex. App.-Houston [14th Dist.]
1999, no pet.). Furthermore, evidence of extraneous offenses is admissible to prove the
requisite mental state if that mental state cannot be inferred from the act itself or if the
accused presents evidence to rebut that inference. Brown v. State, 96 S.W.3d at 512. 
Yet, when the defendant's intent to commit the offense is at issue and evidence of
extraneous offenses is to be used to establish intent, the extraneous offense evidence may
come in only if there is a similarity between the charged and extraneous offenses. Brown
v. State, 96 S.W.3d at 512; Faison v. State, 59 S.W.3d 230, 242 (Tex. App.-Tyler 2001,
pet. ref'd). But, a high degree of similarity is unnecessary when the issue is one of intent,
as opposed to identity. Brown v. State, 96 S.W.3d at 512-13; Webb v. State, 994 S.W.2d
at 299. 

 Here, a blood sample from appellant was compared with the vaginal swabs from the
complainant, and the DNA profile was shown to be that of appellant. Further, appellant
admitted to having sexual relations with the complainant, but indicated that it was with her
consent. Therefore, the issue of consent was raised, and the State proffered the
extraneous assaults to negate his allegation of consent and establish his true intent.

 The other two offenses involved girls who were approximately the same age as the
complainant and who were enticed into a car at night, driven to a location where they were
raped in the car, and threatened with injury or death during the assault. Moreover, the
1992 assault involved appellant offering the victim a substance which eventually caused
her to become sleepy before the assault occurred, much like what occurred to the victim
at bar. Given this, we cannot say that the trial court's decision to admit the 1992 act fell
outside the zone of reasonable disagreement.

 Next, while it is true that the 2001 assault involved fewer similarities to the current
crime than did the 1992 rape, there were similarities as mentioned above. Moreover,
appellant later stated during his cross-examination by the State that he had been convicted
of sexual assault as a result of the 2001 incident. So too did he testify about two other
convictions (both for burglary) and his use of controlled substances. Additionally, he does
not complain on appeal about the admissibility of those convictions. Given this, we cannot
say that the admission of the 2001 assault constituted reversible error.

 Finally, although the evidence had the potential of being prejudicial if considered for
any purpose selected by the jurors, the trial court did limit their usage of it. See Brown v.
State, 96 S.W.3d at 513 (assessing whether the trial court provided a limiting instruction
when determining the admissibility of the evidence). Moreover, appellant's intent was in
dispute. (2) Given those circumstances, the trial court's decision to overrule his Rule 403
objection also fell within the zone of reasonable disagreement. 

Issue Two - Hearsay Evidence of Extraneous Offense


 In his second issue, appellant complains about the testimony of Treva Hill, who
described appellant's attack upon Amanda West in 2001. We overrule the issue.

 Although appellant argues that the admission of the evidence violated the
confrontation clause of the United States Constitution, nothing was said of that provision
at trial. He merely objected on the basis of hearsay. So, the constitutional complaint was
not preserved for review. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). 

 Appellant also contends the trial court erred in admitting the testimony under the
excited utterance exception to the hearsay rule. Once again, we review the trial court's
admission of the evidence for abuse of discretion. Salazar v. State, 38 S.W.3d 141, 153-54
(Tex. Crim. App. 2001). So too do we note that purported hearsay may be admissible
when it consists of a statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition. Tex. R.
Evid. 803(2). And, that the statement may be made hours, Zuliani v. State, 97 S.W.3d 589,
596 (Tex. Crim. App. 2003) (20 hours), or days, Apolinar v. State, 106 S.W.3d 407, 417-19
(Tex. App.-Houston [1st Dist.] 2003), aff'd, No. PD-1057-03, 2005 Tex. Crim. App. 145 
(Tex. Crim. App. February 2, 2005) (four days) later is not determinative. Id. Rather, the
critical determination is whether the declarant was dominated by the emotions, excitement,
fear, or pain of the event or condition at the time of the statement. Salazar v. State, 38
S.W.3d at 154.

 Here, Treva Hill described the victim as "extremely upset" and that she was reluctant
to talk, sat with her hands in her lap, would look away, and would cry. That these indicia
illustrate that West continued to suffer from the emotional impact of the assault when
talking to Hill is not something outside the zone of reasonable disagreement. See Salazar
v. State, 38 S.W.3d at 154 (holding that regardless of the time that had elapsed between
the event and the statement, the testimony showed the child was upset and in pain at the
time of the statement, and thus it could not be said that the trial court abused its discretion). 
And, to the extent that appellant complains that the statement is simply a narrative of past
events as opposed to a spontaneous utterance, appellant did not specifically object on that
basis at trial. (3) Moreover, it has been held that a police officer could testify about the
victim's description of her attacker, her description of the car, her statement that she had
been raped, and the details surrounding the rape (much like what occurred between West
and Hill at bar) if the circumstances surrounding the exchange permitted the trial court to
conclude that the statements were nonetheless excited utterances. Brown v. State, 96
S.W.3d at 513-14. 

Issue Three - Venue


 Appellant contends in his final issue that the evidence is both legally and factually 
insufficient to show that the offense occurred in Garza County. We overrule the issue.

 Venue must be established by a preponderance of the evidence, Tex. Code Crim.
Proc. Ann. art. 13.17 (Vernon 1977), and the evidence used to satisfy the burden may be
either direct or circumstantial. Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). 
Additionally, it is sufficient if it permits the factfinder to reasonably conclude that the offense
was committed in the county alleged. Sudds v. State, 140 S.W.3d 813, 818 (Tex.
App.-Houston [14th Dist.] 2004, no pet.); Flowers v. State, 133 S.W.3d 853, 856 (Tex.
App.-Beaumont 2004, no pet.). Next, where venue is sought to be established by
someone in a moving vehicle, specific points of reference and measurable passages of
time constitute circumstantial evidence susceptible to consideration by the factfinder. 
Edwards v. State, 97 S.W.3d 279, 286 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd). Here, the victim testified that she fell asleep, and when she awoke, they were parked
at a lake with a field to the right and a diesel truck parked nearby. After the assault, she
stated that appellant began to drive back to Lubbock, she saw a sign with the words "Garza
County" on it, they traveled through Post (which we judicially notice to be located in Garza
County), and it took them 40-45 minutes to get to Lubbock. Additionally, when she was
shown photographs of a rest area called Green Tank situated along U.S. Highway 84 and
which is nine miles southeast of Post and about 45 minutes from Lubbock, she stated she
recognized the area and that it was the locale whereat she was assaulted. A Garza County
deputy also testified that Green Tank was an area he patrolled. This is some evidence
upon which a reasonable factfinder could conclude that the assault occurred in Garza
County. 

 Though appellant testified that he and the complainant had sexual relations in Clapp
Park in Lubbock County, it was for the jury to resolve the inconsistent statements and
determine the credibility of the witnesses. Sudds v. State, 140 S.W.3d at 818. And, it had
ample evidence upon which to conclude, as stated above, that the assault occurred in
Garza County. Thus, the evidence is both legally and factually sufficient to support the
verdict, assuming of course one can attack the factual sufficiency of the finding. See
Sudds v. State, 140 S.W.3d at 817-18 (stating that venue determinations cannot be
challenged on the basis of factual insufficiency).

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 
2. Indeed, he averred that each of the purported assaults involved consensual activity, even that
resulting in his 2001 conviction.
3. At trial, appellant made the following objection: "Your Honor, I object at this time to hearsay. And
if it's going to be excited utterance, what is the utterance?"