NO. 07-04-0278-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 2, 2005
_____

ABEL REYNA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 02-2122; HON. CARTER T. SCHILDKNECHT, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Abel Reyna appeals from his two convictions for aggravated sexual assault. His appeal is premised on his contentions that 1) the trial court erred in admitting two extraneous offenses during the guilt/innocence phase of the trial, 2) the trial court erred in admitting the hearsay statements of a victim of an extraneous offense, and 3) the evidence is legally and factually insufficient to show that the offense occurred in Garza County. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004-2005).

## Background

On June 12, 2001, appellant and the 18-year-old complainant were at a party next door to the home of appellant's girlfriend. At some point, appellant and the complainant left with other friends of the complainant in her car to purchase beer and drive around. Eventually, the friends were dropped off at other locations, and the complainant was left alone in the car with appellant driving it. She asked him to take her to her friend's house, but he did not do so. Instead, he made stops at several other places including a motel room registered in his name. At one point, he returned with some cocaine which he told the complainant to snort. She became drowsy, and when she awoke she did not know where she was. Appellant removed her clothes in the car and assaulted her in the front seat while threatening both to cut her throat and to anally rape her. After the assault was over, appellant drove the complainant to the apartments where his parents lived, and when he got out, she locked the doors and drove away. Shortly thereafter, she reported the assault to police.

### Issue One - Admission of Extraneous Offenses

In his first issue, appellant contests the admission of evidence that two other women had been sexually assaulted by him on separate occasions. We overrule the issue.

Maria Garcia testified to a sexual assault by appellant in 1992. Treva Hill, a volunteer with the Lubbock Rape Crisis Center, also testified to a sexual assault by appellant on Amanda West in 2001. The State admitted the testimony as evidence of intent to engage in sexual conduct without consent and found that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. The jury received a limiting

2

instruction informing them that they could consider the evidence only for the purpose of determining the intent of the defendant and whether or not the sexual encounter was consensual.

The admission of extraneous offenses is reviewed for abuse of discretion. *Rankin v. State,* 974 S.W.2d 707, 718 (Tex. Crim. App. 1996). Thus, we must uphold the trial court's decision to admit the evidence as long as it falls within the zone of reasonable disagreement. *Wheeler v. State,* 67 S.W.3d 879, 889 (Tex. Crim. App. 2002).

Under Rule 404(b) of the Rules of Evidence, evidence of other crimes, wrongs, and acts may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. If admissible for one of those reasons, the evidence may nonetheless be excluded under Rule 403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

Next, lack of consent is an essential element of aggravated sexual assault, which element the State must prove. TEX. PEN. CODE ANN. §22.021(a)(1)(A) (Vernon Supp. 2004-05); *Brown v. State,* 96 S.W.3d 508, 512 (Tex. App.–Austin 2002, no pet.); *Garrett v. State,* 998 S.W.2d 307, 316 (Tex. App.–Texarkana 1999, pet. ref'd, untimely filed). When the accused raises a defensive theory of consent, as appellant did here, he necessarily disputes his intent to commit the act without the complainant's consent. *Brown v. State,* 96 S.W.3d at 512; *Webb v. State,* 995 S.W.2d 295, 298 (Tex. App.–Houston [14th Dist.] 1999, no pet.). Furthermore, evidence of extraneous offenses is admissible to prove the requisite mental state if that mental state cannot be inferred from the act itself or if the

accused presents evidence to rebut that inference. *Brown v. State,* 96 S.W.3d at 512. Yet, when the defendant's intent to commit the offense is at issue and evidence of extraneous offenses is to be used to establish intent, the extraneous offense evidence may come in only if there is a similarity between the charged and extraneous offenses. *Brown v. State,* 96 S.W.3d at 512; *Faison v. State,* 59 S.W.3d 230, 242 (Tex. App.–Tyler 2001, pet. ref'd). But, a high degree of similarity is unnecessary when the issue is one of intent, as opposed to identity. *Brown v. State,* 96 S.W.3d at 512-13; *Webb v. State,* 994 S.W.2d at 299.

Here, a blood sample from appellant was compared with the vaginal swabs from the complainant, and the DNA profile was shown to be that of appellant. Further, appellant admitted to having sexual relations with the complainant, but indicated that it was with her consent. Therefore, the issue of consent was raised, and the State proffered the extraneous assaults to negate his allegation of consent and establish his true intent.

The other two offenses involved girls who were approximately the same age as the complainant and who were enticed into a car at night, driven to a location where they were raped in the car, and threatened with injury or death during the assault. Moreover, the 1992 assault involved appellant offering the victim a substance which eventually caused her to become sleepy before the assault occurred, much like what occurred to the victim at bar. Given this, we cannot say that the trial court's decision to admit the 1992 act fell outside the zone of reasonable disagreement.

Next, while it is true that the 2001 assault involved fewer similarities to the current crime than did the 1992 rape, there were similarities as mentioned above. Moreover, appellant later stated during his cross-examination by the State that he had been convicted

4

of sexual assault as a result of the 2001 incident. So too did he testify about two other convictions (both for burglary) and his use of controlled substances. Additionally, he does not complain on appeal about the admissibility of those convictions. Given this, we cannot say that the admission of the 2001 assault constituted reversible error.

Finally, although the evidence had the potential of being prejudicial if considered for any purpose selected by the jurors, the trial court did limit their usage of it. *See Brown v. State,* 96 S.W.3d at 513 (assessing whether the trial court provided a limiting instruction when determining the admissibility of the evidence). Moreover, appellant's intent was in dispute.[2] Given those circumstances, the trial court's decision to overrule his Rule 403 objection also fell within the zone of reasonable disagreement.

### Issue Two - Hearsay Evidence of Extraneous Offense

In his second issue, appellant complains about the testimony of Treva Hill, who described appellant's attack upon Amanda West in 2001. We overrule the issue.

Although appellant argues that the admission of the evidence violated the confrontation clause of the United States Constitution, nothing was said of that provision at trial. He merely objected on the basis of hearsay. So, the constitutional complaint was not preserved for review. *Wright v. State,* 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).

Appellant also contends the trial court erred in admitting the testimony under the excited utterance exception to the hearsay rule. Once again, we review the trial court's admission of the evidence for abuse of discretion. *Salazar v. State,* 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). So too do we note that purported hearsay may be admissible

---

[2]Indeed, he averred that each of the purported assaults involved consensual activity, even that resulting in his 2001 conviction.

5

when it consists of a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. TEX. R. EVID. 803(2). And, that the statement may be made hours, *Zuliani v. State*, 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (20 hours), or days, *Apolinar v. State,* 106 S.W.3d 407, 417-19 (Tex. App.–Houston [1ˢᵗ Dist.] 2003), *aff'd,* No. PD-1057-03, 2005 Tex. Crim. App. 145 (Tex. Crim. App. February 2, 2005) (four days) later is not determinative. *Id.* Rather, the critical determination is whether the declarant was dominated by the emotions, excitement, fear, or pain of the event or condition at the time of the statement. *Salazar v. State,* 38 S.W.3d at 154.

Here, Treva Hill described the victim as "extremely upset" and that she was reluctant to talk, sat with her hands in her lap, would look away, and would cry. That these indicia illustrate that West continued to suffer from the emotional impact of the assault when talking to Hill is not something outside the zone of reasonable disagreement. *See Salazar v. State,* 38 S.W.3d at 154 (holding that regardless of the time that had elapsed between the event and the statement, the testimony showed the child was upset and in pain at the time of the statement, and thus it could not be said that the trial court abused its discretion). And, to the extent that appellant complains that the statement is simply a narrative of past events as opposed to a spontaneous utterance, appellant did not specifically object on that basis at trial.[3] Moreover, it has been held that a police officer could testify about the victim's description of her attacker, her description of the car, her statement that she had been raped, and the details surrounding the rape (much like what occurred between West

---

[3]At trial, appellant made the following objection: "Your Honor, I object at this time to hearsay. And if it's going to be excited utterance, what is the utterance?"

and Hill at bar) if the circumstances surrounding the exchange permitted the trial court to conclude that the statements were nonetheless excited utterances. *Brown v. State,* 96 S.W.3d at 513-14.

### *Issue Three - Venue*

Appellant contends in his final issue that the evidence is both legally and factually insufficient to show that the offense occurred in Garza County. We overrule the issue.

Venue must be established by a preponderance of the evidence, TEX. CODE CRIM. PROC. ANN. art. 13.17 (Vernon 1977), and the evidence used to satisfy the burden may be either direct or circumstantial. *Black v. State,* 645 S.W.2d 789, 790 (Tex. Crim. App. 1983). Additionally, it is sufficient if it permits the factfinder to reasonably conclude that the offense was committed in the county alleged. *Sudds v. State,* 140 S.W.3d 813, 818 (Tex. App.–Houston [14th Dist.] 2004, no pet.); *Flowers v. State,* 133 S.W.3d 853, 856 (Tex. App.–Beaumont 2004, no pet.). Next, where venue is sought to be established by someone in a moving vehicle, specific points of reference and measurable passages of time constitute circumstantial evidence susceptible to consideration by the factfinder. *Edwards v. State,* 97 S.W.3d 279, 286 (Tex. App.–Houston [14th Dist.] 2003, pet. ref'd).

Here, the victim testified that she fell asleep, and when she awoke, they were parked at a lake with a field to the right and a diesel truck parked nearby. After the assault, she stated that appellant began to drive back to Lubbock, she saw a sign with the words "Garza County" on it, they traveled through Post (which we judicially notice to be located in Garza County), and it took them 40-45 minutes to get to Lubbock. Additionally, when she was shown photographs of a rest area called Green Tank situated along U.S. Highway 84 and which is nine miles southeast of Post and about 45 minutes from Lubbock, she stated she

7

recognized the area and that it was the locale whereat she was assaulted. A Garza County deputy also testified that Green Tank was an area he patrolled. This is some evidence upon which a reasonable factfinder could conclude that the assault occurred in Garza County.

Though appellant testified that he and the complainant had sexual relations in Clapp Park in Lubbock County, it was for the jury to resolve the inconsistent statements and determine the credibility of the witnesses. *Sudds v. State,* 140 S.W.3d at 818. And, it had ample evidence upon which to conclude, as stated above, that the assault occurred in Garza County. Thus, the evidence is both legally and factually sufficient to support the verdict, assuming of course one can attack the factual sufficiency of the finding. *See Sudds v. State,* 140 S.W.3d at 817-18 (stating that venue determinations cannot be challenged on the basis of factual insufficiency).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice

Do not publish.

8