NO. 07-04-0113-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 4, 2005


______________________________



DONNIE LEWAYNE FOX, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14,965-0305; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Donnie LeWayne Fox, was convicted of the offense of evading arrest or
detention in a motor vehicle. The two issues raised concern the legal and factual
sufficiency of the evidence underlying the determinations not only that he committed the
crime but also that he committed it in Hale County. (1) We affirm the judgment of the trial
court.

 The standards by which we review claims of legal and factual insufficiency are well
established. We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), Zuliani v.
State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex.
Crim. App. 2000) for an explanation of them. 

 Next, a person evades arrest or detention if he intentionally flees from a person he
knows is a peace officer who is attempting lawfully to arrest or detain him. Tex. Pen. Code
Ann. §38.04(a) (Vernon 2003). Here, appellant questions the sufficiency of the evidence
showing that he knew that a law enforcement officer was attempting to stop him. Because
the evidence allegedly did not establish that fact, he purportedly could not be convicted of
intentionally fleeing from the officer. With that said, we turn to the record before us. 

 Trooper Eustacio Galvan testified that on March 18, 2003, in the early afternoon,
he received a report of a possible intoxicated driver of a white van proceeding down 
Interstate 27. He located the van in Abernathy, Texas, and while it was still within Hale
County. (2) At the time, it was being driven erratically, that is, from the shoulder of the road
across the lane towards the center line and back. The trooper also testified that "[w]hen
I first saw the van - the first thing we do is turn on our emergency lights, our overheads,
and that's just to get the driver's attention . . . [a]nd I turned on the emergency lights and
I kept waiting for a response . . . ." (Emphasis added). He also said that he 1) pulled over
to the center line so he could see the driver in the driver's side mirror and observed the
driver look in his direction, 2) followed the driver for a mile or a mile and a half with still no
response, and 3) then turned on his siren which is generally loud enough to be heard. 
Appellant did not stop for several more miles, but when he did it was against a guardrail
on an overpass. In all, the appellant traveled five to seven miles after the officer first
turned on his lights in effort to detain him. 

 Knowledge that one is a peace officer attempting to detain or arrest a suspect can
be established through circumstantial evidence. Wright v. State, 855 S.W.2d 110, 112
(Tex. App.-Houston 14th 1993, no pet.). The evidence here of the time of day, appellant's
erratic driving, the use of lights and the siren, the distance traveled after activation of the
officer's lights and siren, the officer's movement into the center of the roadway until he
could see into appellant's rearview mirror and observation of appellant looking back in his
direction is some evidence from which a rational jury could have found beyond a
reasonable doubt that appellant knew a peace officer was attempting to stop him. (3) And,
the insinuation that appellant's intoxication at the time precluded him from perceiving the
officer falls short of causing us to question our confidence in the outcome of the
proceeding when reviewing all of the evidence in a neutral light. In short, the evidence is
legally and factually sufficient to establish that appellant evaded arrest as charged.

 Regarding venue, that need only be established by a preponderance of the
evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005). And, the evidence used
to establish it may be either direct or circumstantial. Black v. State, 645 S.W.2d 789, 790
(Tex. Crim. App. 1983). Additionally, it is enough if it permits the factfinder to reasonably
conclude that the offense was committed in the county alleged. Sudds v. State, 140
S.W.3d 813, 817-18 (Tex. App.-Houston [14th Dist.] 2004, no pet.); Flowers v. State, 133
S.W.3d 853, 856 (Tex. App.-Beaumont 2004, no pet.). 

 As previously mentioned, the trooper testified that he located appellant in that part
of Abernathy situated in Hale County. And, upon locating him, he activated his emergency
lights. By enacting those lights, the trooper initiated his attempt to stop appellant while
both he and appellant were in Hale County. And, given that attempting to stop the
appellant is an element of the offense for which appellant was convicted, evidence appears
of record from which a reasonable jury could rationally conclude that at least one element
of the crime occurred in Hale County or within 400 yards of its boundary. And, that was
enough to establish venue in Hale County and defeat any claim of legal insufficiency, and
factual insufficiency as well when the finding is tested against all record evidence. Tex.
Code Crim. Proc. Ann. art. 13.04 (Vernon 2005) (stating that an offense committed on the
boundaries of two or more counties, or within 400 yards thereof, may be prosecuted in any
one of such counties); Schier v. State, 60 S.W.3d 340, 344-45 (Tex. App.-Houston [14th
Dist.] 2001, pet. ref'd) (stating that to satisfy venue when the general venue statute applies,
the State must prove that at least one element of the crime occurred within the county);
see also Sudds v. State, 140 S.W.3d at 817-18 (stating that venue determinations cannot
be challenged on the basis of factual insufficiency). 

 Accordingly, we overrule each issue and affirm the judgment of the trial court.


 Per Curiam


Do not publish.
1. Appellant contends the trial court erred in overruling his motion for a directed verdict. 
2. The border between Hale and Lubbock Counties dissects Abernathy.
3. Voluntary intoxication is not a defense to a criminal offense. Tex. Pen. Code Ann. §8.04(a) (Vernon
2003).