Affirmed and Memorandum Opinion filed September 28, 2006








Affirmed and Memorandum Opinion filed September 28, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00454-CR

____________

 

ANTWAN MARTICE WHITE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 973,883

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Antwan Martice White, was convicted by a jury of
retaliation due to his fraudulent use of personal information belonging to
retired Judge Mary Bacon.  The jury assessed his punishment at eight years= confinement in
the Texas Department of Corrections, Institutional Division, and also levied a
$1,000 fine.  On appeal, he raises two issues: (1) venue was improper in
Harris County, and (2) the evidence is legally insufficient to support his
conviction as to the element of harm.  We affirm.








I.  Factual and
Procedural Background

In 1992, appellant appeared before the 338th District Court
of Harris County, Texas, over which now-retired Judge Mary Bacon presided. 
Appellant was charged with two aggravated robberies.  For one of those
offenses, appellant entered into a plea agreement.  For the other, he entered a
plea of guilty, but asked a jury to assess punishment.  Judge Bacon signed the
judgments and sentences.  Necessarily, those judgments and sentences included
appellant=s full name, which he considers to be copyrighted.

On October 15, 2002, appellant filed a lien with the Texas
Secretary of State against Judge Bacon=s personal and/or
real property.  Appellant=s lien was for $19,096,560,000.00.  Appellant=s lien was,
essentially, for the unauthorized use of his copyrighted name and specifically
referenced the judgment and sentences from his 1992 aggravated robbery
convictions.  

Almost a year later, on October 1, 2003, appellant applied
for and received a Bank One credit card utilizing Judge Bacon=s personal
identifiers,[1]
such as her social security number and date of birth.  Although appellant
applied online, and thus his exact location at the time of application cannot
be determined, the evidence indicated he was either in Missouri or Illinois at
the time.[2] 
On October 30, 2003, appellant again used Judge Bacon=s personal
information and applied for a Chase Bank (AChase@) credit card.  In
both applications, appellant used his telephone numbers and addresses as
contact information, and even requested that Chase issue a second card in his
name.  Although Chase did not issue appellant a credit card, appellant was able
to make $825.49 in charges to the Bank One credit card.  At no time did Judge
Bacon authorize appellant to use her personal information.








Police ultimately tracked appellant to a casino where he
worked in Missouri, arrested him, and had him returned to Texas.  At trial, the
evidence showed that Judge Bacon had not been held personally liable for the
unauthorized credit card charges.  However, she testified that she had spent
considerable time resolving the problem of having a lien filed against her
property in addition to the time and energy spent on the criminal matters.  She
also testified she was concerned that appellant would continue to use her
personal identifiers, and she was frightened of his animus toward her.

A grand jury indicted appellant for retaliation.  A jury
convicted and sentenced appellant to eight years= imprisonment and
levied a $1000 fine.[3] 
Appellant timely filed notice of appeal.  We affirm.

II.  Issues Presented

In his first issue, appellant contends venue was improper
in Harris County.  Appellant argues in his second issue that the evidence is
legally insufficient to support his conviction as to the element of harm.  

III.  Discussion

A.     Legal
Sufficiency of Evidence

Although appellant has presented his legal sufficiency
claim as his second issue, we will consider it first because it is a point of
rendition.  Appellant claims the evidence is legally insufficient to prove that
he harmed Judge Bacon because she was not held personally liable for the credit
card charges and thus suffered no pecuniary harm.  Appellant also argues  that
emotional harm does not constitute the Aharm@ required for
conviction under the Texas Penal Code. 








1.       Standard of Review

In a
legal sufficiency challenge, we employ a familiar standard of review, viewing
the evidence in the light most favorable to the verdict.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt, we
will affirm.  Id.   We will not re-weigh the evidence and substitute our
judgment for that of the jury.  Id.  

The elements of retaliation are (1) intentionally or
knowingly; (2) harming or threatening to harm; (3) another; (4) by an unlawful
act; (5) in retaliation for or on account of the service or status of another;
(6) as a public servant, witness, prospective witness, or informant.  See
Tex. Penal Code Ann. ' 36.06(a) (Vernon
Supp. 2005).  Harm is defined as Aanything
reasonably regarded as loss, disadvantage, or injury, including harm to another
person in whose welfare the person affected is interested.@  Tex. Penal Code Ann. ' 1.07(a)(25)
(Vernon Supp. 2005).  

2.       Judge
Bacon was Harmed

Appellant asks us to limit the scope of section 1.07(a)(25)
by stating that it cannot include emotional harm.  Although, Judge Bacon was
not held personally responsible for either the lien or the credit card charges,
the Penal Code requires only that the person have suffered a loss or have been disadvantaged
or injured.  See id.  It does not specifically require the harm suffered
to be pecuniary or physical.








Judge Bacon testified that she has spent considerable time
addressing the problems appellant caused by his actions.  Certainly, that is a
disadvantage to her.  Further, she testified that she is concerned and
frightened as a result of appellant=s conduct. 
Appellant cites no law, and we know of none, to support his interpretation of
the Penal Code that harm cannot include the emotional harm, lost time, and
aggravation he caused Judge Bacon.  The retaliation statute is designed to
protect public servants and limiting its scope as appellant argues would be an
illogical result.  Viewed in the light most favorable to the verdict, the
evidence is sufficient to sustain appellant=s conviction
because he committed a crime against Judge Bacon causing her to suffer the harm
of emotional distress and the protracted resolution of the lien and criminal
matters.  We overrule appellant=s first issue.

B.      Venue

In his second issue, appellant argues that venue was
improper in Harris County.  Essentially, appellant contends that while venue
would be proper in Harris County for the underlying unlawful act of fraudulent
possession or use of identifying information, that venue  determination cannot
serve to establish venue for the crime of retaliation.  Thus, he contends the
State was required to prove proper venue solely on the basis of the retaliation
indictment.  Because the State properly proved venue on the basis of the
retaliation indictment, we overrule appellant=s second issue.

1.       Standard
of Review

Although the State must prove venue, it is not a Acriminative fact@ and thus not an
essential element of the offense.  Sudds v. State, 140 S.W.3d 813, 817
(Tex. App.CHouston [14th Dist.] 2004, no pet.).  The State is
required to prove venue by a preponderance of the evidence.  See Tex. Code Crim. Proc. art. 13.17.  In
our review, we determine if, from the evidence, the jury reasonably could have
concluded that the offense was committed in Harris County.  Sudds, 140
S.W.3d at 818.  








Because our venue statutes are simply a species of codified
Asubstantial
contacts@ jurisdiction,
venue will lie in Harris County so long as appellant, his conduct, his victim,
or the fruit of his crime has some relationship to Harris County.  See
Lebleu v. State, 192 S.W.3d 205, 212 (Tex. App.CHouston [14th
Dist.] 2006, pet. filed) (citing Soliz v. State, 97 S.W.3d 137, 141
(Tex. Crim. App. 2003)).  The Legislature has determined and codified the types
of contacts that meet the substantial contacts threshold.  Id.  Here,
the evidence demonstrates that appellant was in another state when he
fraudulently used and possessed Judge Bacon=s personal
information.  Accordingly, we apply Texas Code of Criminal Procedure article
13.01, which governs venue determinations for offenses committed wholly or
partly outside of Texas.  Tex. Code
Crim. Proc. art. 13.01.  That statute requires that at least one element
have occurred in Harris County.  See id.

2.       At Least
One Element Occurred in Harris County

In Lebleu v. State, we confronted a similar
situation to this case.  See generally, 192 S.W.3d at 205.  In that
case, the defendant attacked venue in a retaliation case on the basis that no
element of the offense occurred in the prosecuting county, Brazoria County.  See
id. at 213.  However, we held that two elements of the retaliation
statute placed venue in Brazoria County pursuant to article 13.01: the
retaliation was Afor or on account of the service of
another,@ and the victims
were a Apublic servant@ and a Awitness.@  Id. 
Because their service was performed in Brazoria County, and because they
attained their respective status as a public servant and a witness in Brazoria
County, we held that two elements occurred in the prosecuting county.  Id. 
The same is true in this case.

The State introduced testimony and documents that tied
appellant=s conduct to Judge Bacon=s role as judge
over his aggravated robbery convictions.  The jury determined that appellant
had indeed retaliated against Judge Bacon for her role as a judge of the 338th
District Court in Harris County.  As in Lebleu, Judge Bacon performed
her service and attained her status as a public servant in the prosecuting
county.  Neither of these facts is in dispute.  Thus, two elements of the
retaliation statute occurred in Harris County and venue is satisfied under
article 13.01.  See Tex. Code
Crim. Proc. art. 13.01.  We overrule appellant=s second issue.

IV. Conclusion

Having overruled
both of appellant=s issues, we affirm the judgment of the
trial court.

 

 

 

 

/s/      Eva M. Guzman

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 28, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]   APersonal identifiers@ is a  phrase utilized by officers investigating identity theft to
refer to data such as social security numbers or dates of birth. 





[2]  Appellant was living in the St. Louis, Missouri, and
East St. Louis, Illinois area at the relevant times of the fraudulent use.





[3]  Appellant was also indicted for the fraudulent use
of Judge Bacon=s personal information, but he pleaded guilty to that
charge and it is not before us.