# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00702-CR

**Lamont Ray Brown, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 1010810, HONORABLE JON N. WISSER, JUDGE PRESIDING

A jury found appellant Lamont Ray Brown guilty of aggravated sexual assault and the trial court assessed punishment at imprisonment for fifty-five years. *See* Tex. Pen. Code Ann. ' 22.021 (West Supp. 2001). By two points of error, appellant contends that the trial court erroneously admitted evidence of three extraneous offenses and that it erroneously admitted testimony under the excited utterance hearsay exception. We will affirm the trial court=s judgment.

## BACKGROUND

Late in the evening of May 11, 2000, the complainant was walking from a bus stop to her mother=s house after work when the appellant drove up beside her and asked if she knew where Trixie, his girlfriend, was. She testified that she recognized the appellant but that she did not know his name. When

the appellant again asked where his girlfriend was, the complainant told the appellant she did not know what he was talking about and started to walk away from the car. According to her testimony, the appellant then grabbed her backpack, pulled her through the passenger window of the car, and hit her on the head with an unidentified object. The force of the blow knocked her unconscious. The next thing the complainant remembers, she was in the backseat of the appellant=s car, partially unclothed, and the appellant was having vaginal sex with her.

The complainant testified that she immediately began to struggle and attempted to push the appellant off of her. Appellant responded by hitting her, threatening to kill her, and sexually assaulting her anally. The complainant testified that, while the appellant was assaulting her, she saw a gun in his hand. When he finished the assault, appellant pushed her out of the car and left her there wearing only her shirt. She walked to a nearby road and jumped in front of a passing car to get it to stop. She told the driver of the car she had been raped. The driver then took the complainant to the hospital.

The emergency room physician who examined the complainant testified that he observed bruising to the complainant=s right eye, lip area, and vaginal area. During cross-examination, the physician testified that there was no observable trauma to the complainant=s rectal area but maintained that this lack of visual evidence was not inconsistent with a sexual trauma to that area. In the doctor=s opinion, the bruising around the vaginal area was consistent with a sexual assault.

A jury found the appellant guilty of aggravated sexual assault. The trial court then sentenced the appellant to fifty-five years in the Texas Department of Criminal Justice - Institutional Division. In this

appeal, the appellant raises two points of error: (1) the trial court=s admission of extraneous offense evidence; and (2) its admission of evidence under the excited utterance hearsay exception.

*Extraneous Offenses*

Although the appellant did not testify, the defense was able through cross-examination of the State=s witnesses to offer the theory that the complainant had engaged in consensual sex with the appellant. To rebut this theory of consensual sex, the State offered evidence of three extraneous offenses. Before admitting evidence of each extraneous offense, the court conducted a voir dire examination. The defense argued that the proffered evidence was not relevant under rule 402 and that it should be excluded because it was more prejudicial than probative under rule 403. *See* Tex. R. Evid. 402, 403. The State argued that the evidence was relevant because the defense had effectively presented a theory of consent and that the State was, therefore, entitled to offer evidence rebutting that theory. *See* Tex. R. Evid. 404(b). The trial court, in three separate rulings, overruled the defense counsel=s objections and admitted the evidence for the *limited purpose* of determining whether the encounter between the appellant and the complainant was consensual or not.

Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Tex. R. Evid. 401. Relevant evidence is generally admissible. Tex. R. Evid. 402. Evidence of other crimes or wrongs by the defendant, however, is not admissible if it is relevant only to prove the character of the defendant in order to show that he acted in conformity therewith. Tex. R. Evid. 404(b). To be admissible, extraneous offense evidence must be relevant apart from indicating mere character conformity,

3

that is, it must tend to establish some elemental or evidentiary fact or rebut some defensive theory. *Montgomery v. State*, 810 S.W.2d 372, 386-87 (Tex. Crim. App. 1991) (op. on reh=g); *Johnson v. State*, 932 S.W.2d 296, 301 (Tex. App.CAustin 1996, pet. ref=d); Tex. R. Evid. 404(b). Even if an extraneous offense is relevant apart from character conformity, it may still be excluded if its relevance is substantially outweighed by the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 387; *Johnson*, 932 S.W.2d at 303; Tex. R. Evid. 403. AQuestions of relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion.@ *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993); *Corley v. State*, 987 S.W.2d 615, 618 (Tex. App.CAustin 1999, no pet.).

Appellant objected to admission of the extraneous offense testimony, arguing that it was not relevant to Athe state of mind of [the complainant] and whether or not she consented to have sex with [appellant].@ The trial court overruled these objections and, as it stated in its limiting instruction to the jury, admitted the extraneous offense testimony Aonly to aid . . . in . . . determining the intent of the defendant, and whether the encounter . . . was consensual or nonconsensual and for no other purpose.@ The court repeated this limiting instruction in its charge. We review the trial court=s decision to admit the extraneous misconduct evidence for an abuse of discretion. *Montgomery*, 810 S.W.2d at 390-92; *DeLeon v. State*, 77 S.W.3d 300 at 309 (Tex. App.CAustin 2001, pet. ref=d).

An extraneous offense is admissible to prove the culpable mental state required for the charged offense if the required intent cannot be inferred from the act itself, or if the accused presents evidence to rebut that inference. *Johnson*, 932 S.W.2d at 302; *Zuliani v. State*, 903 S.W.2d 812, 827

4

(Tex. App.CAustin 1995, pet. ref=d). In this case, appellant used the State=s witnesses to establish a defensive theory that the complainant had engaged in consensual sex and fabricated the charge of sexual assault after the fact. On appeal, the appellant concedes its defensive theory of consent, but argues that the admitted extraneous evidence was irrelevant because it did not rebut appellant=s consent claim. According to appellant=s argument, Athe issue is strictly one of the complainant=s state of mind, of *her* intent. Logically, any acts by Appellant in other incidents with other >victims= can say nothing directly about complainant=s state of mind.@ We disagree.

In a prosecution for sexual assault of an adult, the State must prove that the defendant engaged in the conduct intentionally or knowingly without the complainant=s consent. When the defensive theory of consent is raised in a prosecution for sexual assault, the defendant necessarily disputes his intent to engage in the alleged conduct without the complainant=s consent and thereby places his intent in issue. *Rubio v. State*, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980); *Wiggins v. State*, 778 S.W.2d 877, 884-85 (Tex. App.CDallas 1989, pet. ref=d). Such intent cannot be inferred from the mere act of intercourse with the complainant. *Rubio*, 607 S.W.2d at 502; *Wiggins*, 778 S.W.2d at 884-85.

When the defendant=s intent to commit the offense charged is at issue, the relevance of an extraneous offense derives from the doctrine of chancesCthe instinctive recognition of that logical process which eliminates the element of innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all. *Cantrell v. State*, 731 S.W.2d 84, 90 (Tex. Crim. App. 1987); *Wiggins*, 778 S.W.2d at 885. An unusual or abnormal element might be present in one instance, but the more often it occurs the less likely it is to be the true explanation. *Cantrell*, 731 S.W.2d at 90; *Wiggins*,

5

778 S.W.2d at 885. For the doctrine to apply, there must be a similarity between the charged and extraneous offenses, since it is the improbability of a like result being repeated by mere chance that gives the extraneous offense probative weight. *Plante v. State*, 692 S.W.2d 487, 492 (Tex. Crim. App. 1985). The degree of similarity required, however, is not as great when intent is the material issue as when identity is the material issue and the extraneous offense is offered to prove *modus operandi*. *Cantrell*, 731 S.W.2d at 90; *Wiggins*, 778 S.W.2d at 886.

In the case before us, the State presented three witnesses who all described similar encounters with appellant. On each occasion, the appellant picked up the women in similar neighborhoods, took them to remote areas, sexually assaulted them, and left them stranded with little or no clothing. There were also similarities in the women=s lifestyles, such as drug addictions and criminal backgrounds, to suggest they were specifically selected as victims. Although there were dissimilarities between the charged and extraneous offenses with respect to the location of the assault and the nature of the sexual act, these differences do not significantly lessen the relevance of the extraneous acts with respect to the issue of appellant=s culpable mental state. The trial court could reasonably have concluded that testimony by one of the other women tended to make the existence of appellant=s guilty intent more likely than it otherwise would have been. *See Montgomery*, 810 S.W.2d at 391 (restating test for reviewing trial court=s decision to admit evidence under rule 404(b)).

At trial, appellant contested the issue of the complainant=s consent and the corollary issue of appellant=s intent to have sexual intercourse without her consent. To decide these issues, the jury had to weigh the complainant=s credibility. Given her criminal background and admitted heroin addiction, her

6

testimony was less complete and arguably less probative than that of most sexual assault victims. The other women=s testimony, while certainly damaging to appellant, was not so inflammatory as to render a limiting instruction ineffective. The trial court did not abuse its discretion by concluding that the probative value of the extraneous evidence outweighed the danger of unfair prejudice. *See Montgomery*, 810 S.W.2d at 392-93 (establishing criteria for reviewing trial court=s decision not to exclude evidence under rule 403).

The record shows that the trial court considered and applied the appropriate rules of evidence. The trial court found that the extraneous offense evidence was relevant to the issue of appellant=s intent and to rebut the defense theory of consent. Furthermore, the trial court found that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The record supports the trial court=s ruling admitting the extraneous offenses. We hold that the trial court did not abuse its discretion in admitting evidence of the extraneous offenses. Appellant=s first point of error is overruled.

### *Admission of the Third Extraneous Offense*

In his second point of error, the appellant claims that, even if evidence of the first two extraneous offenses were admissible, the trial court erred by admitting evidence of the third extraneous offense because the only evidence of this offense was hearsay. For two of the three extraneous offenses, the State offered testimony from the alleged victim. However, the victim of the third extraneous offense was not available. Therefore, the State called a police officer who testified how the victim had described her abduction and sexual assault. Although much of the officer=s testimony concerning the location of the assault and the victim=s appearance was personal observation and not hearsay, appellant objected on hearsay grounds to the officer testifying about the victim=s description of her attacker as a black male, her statement

7

that the car was a yellow Cadillac, her statement that she had been raped, and finally her description of the details surrounding the rape. The State argues that this testimony satisfied the excited utterance exception to the hearsay exclusion rules and the trial court appropriately admitted it. We agree.

The excited utterance hearsay exception permits admission of a hearsay Astatement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.@ Tex. R. Evid. 803(2). The appellant argues that the statements the victim made to the police officer were not excited utterances caused by the event or condition, but were instead responses to the officer=s questions. According to the appellant, because the statements were not spontaneous, they are out-of-court statements that should have been excluded as hearsay.

We review the trial court=s admission of this evidence under an abuse of discretion standard and uphold the decision as long as it falls within the Azone of reasonable disagreement.@ *Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). It is not dispositive that the statement is an answer to a question or that it was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception. *Id*. The critical determination is Awhether the declarant was still dominated by the emotions, excitement, fear, or pain of the event@ or condition at the time of the statement. *Id.* (citing *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). The trial court had before it evidence that the victim=s statements were made to the officer while she was sitting on the side of the road, naked, with blood on her head from the assault.

8

Based on our review of the record, we cannot say that the trial court=s admission of the officer=s testimony under the excited utterance hearsay exception was outside Athe zone of reasonable disagreement.@ We therefore overrule appellant=s second point of error.

**CONCLUSION**

Having overruled both of appellant=s points of error, we affirm the judgment of conviction.

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   October 31, 2002

Publish

9