Affirmed and Opinion filed June 1, 2004









Affirmed and Opinion filed June 1, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00548-CR

____________

 

JOHN PAUL
RICKERSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 85th
District Court

Brazos County, Texas

Trial Court Cause No. 02-0076-CRF-85

 



 

O P I N I O N

The jury convicted appellant of sexual
assault and the trial court assessed punishment at fifty years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant contends (1) there was a material
variance between the indictment and the proof at trial and (2) the trial court
erred by admitting evidence of two extraneous sexual assaults.  We affirm.

 

 








FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2002, the complainant and her
uncle went to a bar in College Station. 
The complainant met appellant at the bar.  When the bar closed, a friend of appellant
drove the complainant and her uncle from the bar to their motel.  Appellant rode with them, and asked to be
left at the motel.  The complainant went
to her room, while appellant helped her uncle to his room because he was
heavily intoxicated.

The complainant left her room to go to the
ice machine.  Appellant met her there and
asked her to go talk with him.  When she
refused, her dragged her to the back of the motel.  She attempted to flee, but appellant threw
her to the ground, got on top of her, and began removing her pants.  When she started to scream, appellant choked
her and rendered her unconscious by slamming her head against the concrete.
When she awoke, appellant had finished removing her pants and underwear and was
dragging her to a wooded area near the motel, where he sexually assaulted her.      

ANALYSIS

I.        Variance
between the Indictment and the Proof at Trial.

In his first issue, appellant contends
there was a material variance between the identification of the complainant in
the indictment and the proof at trial. 
The indictment and jury charge both identified her as AJane Doe
02-005831,@ but at trial, she answered affirmatively
when asked if she was Athe Jane Doe who=s referred to in
the indictment as >Jane Doe 02-005821.=@  Appellant, appellant=s counsel, and the
prosecutor otherwise referred to her by her legal name.








A variance between an indictment and the
proof at trial will be fatal to a conviction only if it is material.  Gollihar v. State, 46 S.W.3d 243, 257
(Tex. Crim. App. 2001).  A variance is
material if it prejudices the defendant=s substantial
rights.  Id. at 247B48.  A defendant=s substantial
rights are prejudiced if (1) the indictment failed to inform the defendant of
the charge against him sufficiently to allow him to prepare an adequate defense
at trial or (2) the indictment would subject the defendant to the risk of being
prosecuted later for the same crime.  Id.
at 248.

Appellant does not allege that the
indictment failed to sufficiently inform him of the charge against him, and
there is no indication in the record that appellant was misled by the
indictment or surprised by the proof at trial. 
See id. at 258.  Nor
is appellant in danger of being prosecuted again for the same assault proved at
trial; the entire record is examined for double jeopardy purposes, not just the
indictment.  See id.
(citing United States v. Apodaca, 843 F.2d 421, 430 n.3 (10th Cir.
1988)); Ex parte Goodbread, 967 S.W.2d 859, 860 (Tex. Crim. App.
1998).  The record is quite clear that
the person on trial for this offense was appellant.  Because appellant=s substantial
rights were not prejudiced, the variance was not material.  We overrule appellant=s first point of
error.

II.       Evidence
of Extraneous Offenses.

In his second and third issues, appellant
contends the trial court erred by admitting evidence of two extraneous sexual
assaults committed against girls under the age of seventeen.[1]  Appellant argues that the extraneous assaults
were inadmissible because (1) the assaults lacked similarity to the charged
offense, and (2) the probative value of the assaults was outweighed by their
prejudicial effect because the assaults involved children.

A.      Rule
404(b).

First, appellant argues that the evidence
of extraneous sexual assaults was inadmissible because the assaults lacked
similarity to the charged offense.  We
will reverse a trial court=s decision to admit
evidence of an extraneous offense only upon a clear abuse of discretion.  See Santellan v. State, 939
S.W.2d 155, 169 (Tex. Crim. App. 1997).








Evidence of an extraneous offense is
admissible if it is relevant to show intent. 
Tex. R. Evid. 404(b); Santellan,
939 S.W.2d at 168B69. 
Intent is contested when a defendant accused of sexual assault raises
the defensive theory of consent.  Webb
v. State, 995 S.W.2d 295, 298 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). 
Because appellant raised the defensive theory of consent, the evidence
of the extraneous offenses is admissible if it is relevant to show intent.

Relevance to show intent is derived from
the Adoctrine of
chances.@  Plante v. State, 692 S.W.2d 487, 491B92 (Tex. Crim.
App. 1985); Brown v. State, 96 S.W.3d 508, 512 (Tex. App.CAustin 2002, no
pet.).  As the Court of Criminal Appeals
has explained:

Where the material issue addressed
is the defendant=s intent to commit the offense
charged, the relevancy of the extraneous offense derives purely from:

the point of view of the doctrine
of chancesCthe instinctive recognition of that
logical process which eliminates the element of innocent intent by multiplying
instances of the same result until it is perceived that this element [i.e.
innocent intent] cannot explain them all. . . .

. . . .

. . . It is not . . . necessary
to look for a general scheme or to discover a united system in all the acts;
the attempt is merely to discover the intent accompanying the act in question;
and the prior doing of other acts, whether clearly a part of a scheme or not,
is useful as reducing the possibility that the act in question was done with
innocent intent.  The argument is based
purely on the doctrine of chances, and it is the mere repetition of instances,
and not their system or scheme, that satisfies our logical demand.

Yet, in order to satisfy this
demand, it is at least necessary that prior acts should be similar.

Plante, 692 S.W.2d at 491B92 (quoting 2 John H. Wigmore, Evidence ' 302 (Chadbourn
rev. 1979) (emphasis in original)). 
Although there must be a similarity between the charged offense and an
extraneous offense, the similarity required is less than when identity is the
issue.  Id. at 492B93; Brown,
96 S.W.3d at 512B13.








The extraneous offenses do have sufficient
similarities to the charged offense to be introduced to show intent.  Each victim was acquainted with
appellant.  Each victim was completely
surprised by appellant=s actions. 
Each victim was around thirteen years of age.  Each victim resisted appellant=s advances.  Each victim was restrained in the same way:
appellant would straddle them and hold their arms down.  The trial court did not abuse its discretion
in determining the extraneous offenses were relevant to show intent to commit
the charged offense.

B.      Rule
403.

Second, appellant argues the prejudicial
effect of the evidence substantially outweighed its probative value because the
assaults involved children.  See Tex. R. Evid. 403.  Evidence that is admissible under Rule 404(b)
may nevertheless be inadmissible under Rule 403.  See Mozon v. State, 991 S.W.2d
841, 846 (Tex. Crim. App. 1999).  We will
reverse a trial court=s determination that the prejudicial
effect of evidence does not outweigh its probative value only upon abuse of
discretion.  Id.

In determining whether the probative value
of evidence of an extraneous offense is outweighed by its prejudicial effect,
we look to (1) how compellingly the evidence serves to make a fact of
consequence more or less probable, (2) the potential the evidence has to
impress the jury Ain some irrational but nevertheless
indelible way,@ (3) the time the State will need to
develop the evidence, and (4) the force of the State=s need for the
evidence.  Id. at 847.








The first, third, and fourth factors weigh
in favor of admission.  As to the first
factor, the evidence of extraneous offenses made it more probable that
appellant intended to sexually assault the complainant.  Appellant argues that the need for the
extraneous offenses was not compelling because of the admission of a third
extraneous offense to which he does not object. 
However, under the doctrine of chances, the extraneous offenses have a
multiplicative effect; each additional offense makes the issue of intent more
compelling.  See Plante,
692 S.W.2d at 491B92 (explaining that the doctrine of
chances Aeliminates the
element of innocent intent by multiplying instances of the same result until it
is perceived that this element cannot explain them all@); Brown,
96 S.W.3d at 512.  

As to the third factor, the State did not
require a significant amount of time to introduce evidence of the extraneous
offenses, during which the jury was distracted from the charged offense.  Out of a 289-page reporter=s record, this
testimony took up twenty-three pages.

As to the fourth factor, the State had a
need for the evidence of the extraneous offenses.  The evidence related to appellant=s intent, the only
contested issue.  Appellant argues that
the State had other compelling evidence of intent, such as testimony by
appellant=s wife that contradicted appellant=s testimony,
evidence that appellant attempted to flee, and impeaching evidence of the third
extraneous sexual assault and other felony convictions.  Although this evidence reduced the State=s need for the
extraneous offenses, it did not remove it entirely.

Although the second factor weighs in favor
of excluding the evidence of the extraneous offenses, it is not compelling
enough for the trial court to have abused its discretion.  The Court of Criminal Appeals has stated that
Asexually related
misconduct and misconduct involving children are inherently inflammatory@ and that even a
limiting instruction may not neutralize the danger of such testimony.  Montgomery v. State, 810 S.W.2d 372,
397 (Tex. Crim. App. 1991, op. on reh=g).  However, unlike in Montgomery, the
testimony concerning the extraneous offenses was not extensiveCa total of only
twenty-three pages.  And, although the
prosecutor reminded the jury of the extraneous offenses in closing, she did not
dwell on them.  In accordance with the
doctrine of chances, she used them, along with the testimony of appellant=s wife and another
individual to point out that they all contradicted appellant.  Thus, was it more likely that five people
were lying or that appellant was lying? 
Finally, appellant=s lawyer was well-prepared for
cross-examination of both witnesses, and was able to raise some questions about
their credibility, or at least make them appear less innocent.








Clearly, the testimony may have helped the
jury make its decision, but the offenses were not so innately inflammatory that
the jury would not have been able to consider them in an objective light.  Unquestionably, the charged offense was more
inflammatory than either of the extraneous offenses.  We find it unlikely that the jury lost sight
of the charged offense.  In short, the
trial court did not abuse its discretion in finding that the prejudicial effect
of the evidence did not outweigh its probative value.  We overrule appellant=s second and third
issues.

We affirm the judgment of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed June 1, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Publish
C Tex. R. App. P. 47.2(b).

 











[1]  Appellant does
not contest the admissibility of a third sexual assault, which was committed
against one of the same girls when she was over the age of seventeen.