# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00532-CR

**Machell Lee Williams Day, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,627, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Machell Lee Williams Day guilty of capital murder. *See* Tex. Pen. Code Ann. § 19.03 (West Supp. 2004). Because the State did not seek the death penalty, the court assessed appellant's punishment at imprisonment for life. *See id.* § 12.31(a) (West 2003); Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2004). In her only point of error, appellant contends that the court erred by excluding evidence offered to impeach the State's key witness. We overrule this contention and affirm the conviction.

The State's case rested chiefly on the testimony of Billie Joe Parrack. Parrack testified that appellant, with whom he was sexually involved, introduced him to her friend Denise Rummel. Denise wanted someone to kill her husband, Glen Rummel. Parrack said that he agreed

to do the job in exchange for Denise's promise to pay him a share of Glen's life insurance money. With Denise's and appellant's help, Parrack lured Glen Rummel to a rural area and shot him in the head with a pistol provided by appellant.

Both appellant and Parrack were indicted for capital murder. Parrack pleaded guilty to the lesser included offense of murder but had not been sentenced at the time of appellant's trial. The question presented in this appeal is whether the district court erred by excluding evidence that Denise Rummel had not been arrested or charged in connection with the murder of her husband. Appellant contends this evidence was admissible to impeach Parrack's testimony. She argues, "What could be more relevant to the credibility of Billie Joe Parrack than that no arrest of Denise Rummel was sought based upon that same testimony?"

Appellant first broached this subject while cross-examining Parrack:

Q. . . . One of the interesting things . . . you're in jail; are you not?

A. Yes.

Q. Is Machell in jail?

A. I think so. Yes.

Q. Has Denise ever been arrested?

The State objected, "Whether a party has been charged or not is not evidence in a crime and cannot be considered by the jury and we ask for an instruction not to consider whether or not another conspirator has been arrested at this time or at a later time." Appellant made no response to the objection, which was sustained. The court instructed the jury to "disregard the question and the

2

inference as to whether or not another party, Denise Rummel, has been arrested, charged or otherwise."

Appellant returned to the subject during the cross-examination of sheriff's investigator David Wical. After establishing that Wical had obtained the warrant for appellant's arrest, defense counsel asked, "And when did you issue the arrest warrant for Denise Rummel?" The State objected, "We already had that fight whether someone has been charged, arrested or indicted for an offense as a party. We object to that. It cannot be considered in any way." At the court's request, counsel restated the question: "Officer Wical, other than Billie Joe Parrack, or other than Machell Day—Lee Williams Day has any other party been arrested?" The State repeated its objection that "the jury cannot consider whether any other parties have been arrested, charged, indicted for an offense."

Outside the jury's presence, defense counsel argued that the State's reliance on penal code section 7.03 was misplaced. *See* Tex. Pen. Code Ann. § 7.03 (West 2003).[1] Counsel urged that he was not asserting the failure to arrest Denise Rummel as a defense to appellant's prosecution, but as a fact that impeached the credibility of Parrack's trial testimony:

> [W]e do think it goes to the credibility of the statement of Billie Parrack in that we believe that the State and/or the Bell County Sheriff's Department relied on that statement to the extent that it caused my client, our client to be arrested. If we are attacking the credibility of Billie Parrack, then we believe that we are entitled to

---

[1] This statute provides that it is no defense to prosecution as a party "that the person for whose conduct the actor is criminally responsible . . . has not been prosecuted or convicted." Tex. Pen. Code Ann. § 7.03 (West 2003). Evidence that Denise Rummel had not been prosecuted did not implicate section 7.03 because the State prosecuted appellant on the theory that she was criminally responsible for Parrack's conduct.

3

inquire whether or not the Bell County Sheriff's Department relied on that statement with the same level and issued an arrest warrant for Denise Rummel.

The State responded that the defense was "going around 703 which is wrong." The court agreed with the State that the proffered evidence was inadmissible, but on the ground that the State's failure to arrest Rummel was irrelevant.[2]

Evidence is relevant if it has a tendency to make the existence of any consequential fact more or less probable than it would be without the evidence. Tex. R. Evid. 401. Questions of relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion. *Brown v. State*, 96 S.W.3d 508, 511 (Tex. App.—Austin 2002, no pet.) (quoting *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993)). Even if evidence is relevant, the trial court has the discretion to exclude it if its probative value is substantially outweighed by the danger of confusing the issues or misleading the jury. Tex. R. Evid. 403.

The proffered evidence was relevant to Parrack's credibility only if the failure to arrest Rummel rationally supported an inference that the State did not believe Parrack. From its own experience and from the testimony adduced outside the jury's presence, the trial court knew that considerations other than Parrack's credibility explained the State's failure to have initiated a

---

[2] For the record, Wical testified before the jury returned that no warrant had been issued for Denise Rummel's arrest and that "those decisions aren't made in my office." In response to further questions by the State, Wical stated that "the plan and direction of both the investigation and prosecution of this case [was] to proceed against Denise Rummel upon the completion of this case." He agreed with the prosecutor that "we've been chomping at the bit to get at Denise Rummel," but the decision had been made to wait to see what appellant and Rummel "might say or testify in regards to this case."

4

prosecution against Rummel. We therefore hold that it was within the scope of the trial court's discretion for it to conclude that the State's failure to arrest or charge Denise Rummel was irrelevant to the credibility of Parrack's testimony. At the very least, the court could reasonably conclude that any relevance the evidence might have with regard to Parrack's credibility was substantially outweighed by the danger of misleading the jury or confusing the issues. We hold the trial court did not abuse its discretion by excluding evidence that Denise Rummel had not been arrested.

The point of error is overruled and the judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 15, 2004

Do Not Publish

5