

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-07-039-CR

KENNETH MATTHEW STARN                                    APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Kenneth Matthew Starn appeals his conviction for possession of a controlled substance, dihydrocodeinone (hydrocodone), by fraud. We affirm.

In his first, second, and sixth points, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Specifically, he

---

[1] *See* TEX. R. APP. P. 47.4.

argues that the State failed to prove that he knowingly obtained the hydrocodone by fraudulent means.[2]

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.[4] We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust.[5]

---

[2] A person commits an offense if he "knowingly . . . (5) possesses, obtains, or attempts to possess or obtain a controlled substance . . . (A) by misrepresentation, fraud, forgery, deception, or subterfuge; . . . or (C) through use of a fraudulent oral or telephonically communicated prescription." TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(A), (C) (Vernon 2003).

[3] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[4] *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).

[5] *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

The legal and factual sufficiency standards of review are the same for cases based on direct and circumstantial evidence.[6]  In a sufficiency review, however, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct, and circumstantial evidence of a defendant's guilty knowledge is not "required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements."[7]

The evidence at trial showed as follows:

Appellant worked as a medical assistant at the University of North Texas Health Science Center in Fort Worth ("UNT HSC").  On May 1, 2006, before 8 a.m., appellant arrived at a CVS pharmacy near UNT HSC to pick up a refill of his hydrocodone prescription.  No refill order was on file, so the pharmacist faxed a refill request form to appellant's doctor, John Willis.  Appellant told the pharmacist that he was having surgery and that Dr. Willis had approved the refill.  After the pharmacist faxed the refill request, appellant left the pharmacy.

Appellant then went to work and spoke to his friend and coworker, Kimberly Johnson.  Johnson was a medical assistant who worked in the "drug room" and had access to Dr. Willis's signature stamp.  Appellant asked Johnson

[6] *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000).

[7] *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

to refill his hydrocodone prescription. Despite knowing that Dr. Willis had not authorized the refill, Johnson stamped Dr. Willis's signature on the CVS refill form and faxed it back to the pharmacy. Johnson then accompanied appellant to the CVS and paid for the prescription. Appellant took possession of the controlled substance.

Debra Scott, a pharmacy technician, recognized appellant from a previous visit to the pharmacy. During the earlier encounter, appellant mentioned that he worked for Dr. Willis and that Dr. Willis usually let him call the pharmacy and leave his own refill approvals, and Scott told appellant that was illegal. Scott testified that on May 1, 2006, appellant was "pacing around, staring at his watch and acting kind of nervous." Based on her suspicions, after appellant and Johnson left, Scott called Dr. Willis and learned that he had not authorized the refill. Appellant and Johnson were arrested later that day.[8]

There was also evidence that appellant had an ongoing problem abusing prescription drugs. Dr. Willis refilled the hydrocodone prescription once but refused appellant's request for a second refill. Further, appellant had asked Johnson to approve the refill four or five times in the past, and she apparently had refused. Appellant also asked another doctor at work for prescription pain

---

[8] Pursuant to a plea agreement, Johnson was on deferred adjudication for a misdemeanor in connection with her role in the offense.

4

medication, resulting in appellant's transfer out of that doctor's department. Finally, the jury saw a printout of appellant's prescription history at various CVS pharmacies. The summary indicated that since May 2000 appellant had obtained ninety-five hydrocodone prescriptions from at least sixty different doctors.[9]

Even though Johnson did not testify that she told appellant she had no actual authority to refill his prescription, there was ample circumstantial evidence from which the jury could have reasonably concluded that appellant asked Johnson for the refill knowing that Dr. Willis had not authorized it. Applying the appropriate standards of review, therefore, we hold that the evidence was legally and factually sufficient to support appellant's conviction for possession of a controlled substance, dihydrocodeinone (hydrocodone), by fraud.

We overrule appellant's first, second, and sixth points.

In his third, fourth, and fifth points, appellant contends that the trial court improperly admitted the CVS records of his prescription medications, arguing the records were inadmissible character evidence, hearsay, and irrelevant, and

---

[9] The summary showed several other prescriptions as well.

that their probative value was substantially outweighed by the danger of unfair prejudice.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[10]  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.[11]  The complaint raised on appeal must comport with the objection made at trial.[12]

At trial, appellant made several objections to the CVS pharmacy records, arguing they "pertain[ed] to other things besides the prescription requested," were "not relevant," "hearsay," "not expert opinion," and "more prejudicial than probative."  Because appellant did not assert in the trial court that the records

---

[10] TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[11] TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

[12] *See Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997).

constituted inadmissible character evidence, we hold that he forfeited this complaint.[13]

Further, when making his objections to the exhibit, appellant agreed that the CVS records were business records, but appeared to argue that they contained double hearsay.[14] Appellant, however, failed to specify or identify the objectionable part of the exhibit. When an exhibit contains both admissible and inadmissible material, the objection must specifically refer to the material

---

[13] *See, e.g.*, *Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (holding that defendant's complaint regarding extraneous offense was not preserved by relevancy objection), *cert. denied*, 529 U.S. 1102 (2000); *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (holding that defendant's complaint of improper character evidence was not preserved by relevancy and hearsay objections), *cert. denied*, 510 U.S. 1215 (1994).

[14] Appellant's attorney stated, "the business record exception, that's—that is fine. But it has a lot of information in there that is not necessarily determined to be business records . . . and would be hearsay."

deemed objectionable.[15]  Appellant's objections, therefore, were insufficiently specific to preserve the hearsay complaint he makes on appeal.[16]

In addition, appellant argues that the CVS records were irrelevant and that their probative value was substantially outweighed by the danger of unfair prejudice.  We review the trial court's rulings on these grounds for an abuse of discretion.[17]

"All relevant evidence is admissible, except as otherwise provided . . . . Evidence which is not relevant is inadmissible."[18]  Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the

---

[15] *See Jones v. State*, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992) (explaining that trial court need not sort through challenged evidence to segregate admissible from excludable), *cert. denied*, 507 U.S. 1035 (1993), *abrogated on other grounds by Maxwell v. State*, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001); *Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op. on reh'g) (holding objection inadequate to preserve error because it was leveled at entire exhibit and failed to specify and identify objectionable part); *see also Willover v. State*, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002) (following *Jones* and holding that when proffer contains both admissible and inadmissible statements and proponent fails to segregate and specifically offer the admissible statements, trial court may properly exclude entire proffer).

[16] *See Jones*, 843 S.W.2d at 492; *Hernandez*, 599 S.W.2d at 617; *see also Willover*, 70 S.W.3d at 847.

[17] *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) (Rule 403); *Brown v. State*, 96 S.W.3d 508, 511 (Tex. App.—Austin 2002, no pet.) (Rule 401).

[18] TEX. R. EVID. 402.

determination of the action more probable or less probable than it would be without the evidence.[19]

The CVS records—showing appellant obtained hydrocodone and other prescriptions numerous times in the past, from many different doctors—made it more probable that, when appellant could not get Dr. Willis to refill his prescription, he knowingly asked Johnson to refill it through fraudulent means. We hold that the trial court did not abuse its discretion in concluding that the CVS records were relevant.

Although relevant, however, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.[20] Once appellant makes a rule 403 objection, the trial court must weigh the probativeness of the evidence to determine if it is substantially outweighed by its potential for unfair prejudice.[21] In conducting this analysis, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest

---

[19] TEX. R. EVID. 401.

[20] TEX. R. EVID. 403.

[21] *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.[22]

The rules of evidence favor the admission of relevant evidence and carry a presumption that relevant evidence is more probative than prejudicial.[23] When determining whether evidence is admissible under rule 403, we do not ask whether the evidence is more prejudicial than probative; rather, we consider whether the probative value is *substantially* outweighed by the danger of unfair prejudice.[24]

Appellant's defensive theory was that Johnson stamped the refill request on her own initiative. The evidence that appellant had obtained the same medication from over sixty doctors tended to make more probable the fact that

---

[22] *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 & n.8 (Tex. Crim. App. 2006).

[23] *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 832 (1997).

[24] TEX. R. EVID. 403; *Garcia v. State*, 201 S.W.3d 695, 704 (Tex. Crim. App. 2006), *cert. denied*, 127 S. Ct. 1289 (2007).

he knowingly obtained the controlled substance through fraudulent means in this instance. The only direct evidence of appellant's culpable mental state was Johnson's testimony that appellant asked her for the refill, and Johnson was thoroughly impeached with her own guilt and plea bargain. Thus, the trial court could have reasonably concluded that the probative force of and the State's need for the CVS records were considerable.

Further, the trial court could have concluded that the CVS records were not inflammatory and did not suggest a decision on an improper basis; indeed, the records did not invite an emotional response such as hostility or sympathy. Although the CVS records may have briefly distracted the jury from the May 1, 2006 prescription, the trial court could have reasonably concluded that the evidence would not mislead the jury, took only a short amount of time to present, and was not repetitive.

After balancing the 403 factors, the trial court could have reasonably concluded that the probative value of the CVS records was not substantially outweighed by the countervailing factors specified in the rule. We, therefore, hold that the trial court did not abuse its discretion in overruling appellant's rule 403 objection.

For these reasons, we overrule appellant's third, fourth, and fifth points.

Having overruled all of appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:   April 3, 2008