

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00268-CR

———————————————

AUSTIN PAYNE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1446222D

---

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Austin Payne appeals from his convictions for three counts of aggravated sexual assault and for one count of aggravated assault with a deadly weapon. In five points, Payne argues that the trial court abused its discretion by admitting evidence that he had previously assaulted the complainant and used drugs and by denying his request for a limiting instruction on the jury's consideration of the previous assaults. Because the trial court did not abuse its discretion by admitting evidence of the prior relationship history between Payne and the complainant and because Payne failed to preserve his past-drug-use and limiting-instruction arguments, we affirm the trial court's judgments.

## I. PROCEDURAL BACKGROUND

Payne was indicted with six counts of aggravated sexual assault and one count of aggravated assault with a deadly weapon against his girlfriend Amanda Brown.[1] Each count was alleged to have occurred on February 20, 2016. The indictment included a repeat-offender notice that Payne had been convicted of assault involving a family member in 2014. Before trial, the State notified Payne that it intended to introduce evidence at the guilt or innocence phase of trial that Payne previously assaulted Brown multiple times in November 2015, in December 2015, in January 2016, and on February 19, 2016—the day before the indicted offense. *See* Tex. Code

---

[1]We use an alias to refer to the complainant. *See* Tex. R. App. P. 9.8 cmt.; Tex. App. (Fort Worth) Loc. R. 7.

Crim. Proc. Ann. art. 38.371(b); Tex. R. Evid. 404(b)(2). The evidence was admitted during trial, and the jury found Payne guilty of three counts of aggravated sexual assault and one count of aggravated assault with a deadly weapon.[2] The same jury then assessed Payne's sentence at 53 years' confinement for each count, which the trial court ordered to run concurrently.

## II. EVIDENCE OF PAST HISTORY WITH BROWN AND DRUG USE

### A. PAST HISTORY WITH BROWN

In three of his points, which he jointly argues in his brief, Payne attacks the admission of the evidence regarding his past relationship history with Brown. Specifically, he asserts that the evidence was inadmissible character-conformity evidence and that its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403, 404(a)(1), (b)(1). We review the trial court's admission of evidence for an abuse of discretion. *See Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

The State notified Payne before trial that it intended to offer evidence of Payne's past violent relationship with Brown and past drug use. *See* Tex. Code Crim. Proc. Ann. art. 38.371; Tex. R. Evid 404(b)(2). Before the beginning of testimony and outside the jury's presence, the State informed the trial court that Payne had an objection to the admission of the relationship-history evidence. When asked for his

---

[2]These were the only counts submitted to the jury.

3

objection, Payne stated that it was not relevant and that any ruling should be delayed based on Payne's motion in limine. The trial court overruled the relevance objection and denied the motion in limine on the issue, ruling that "the State [could] develop relevant issues, including the relationship of the parties." Payne then lodged an objection under rule 404(b) that the evidence was inadmissible character-conformity evidence and was not admissible for another purpose. *See* Tex. R. Evid. 404(a)(1), (b)(1)–(2). The trial court overruled this objection. Payne then urged the trial court to make "at least a finding of fact or conclusion of law that . . . it's not going into the actual items listed in 404(b)(2)." The State argued that the past history with Brown showed "the element of fear of physical force"[3] and "certainly goes to motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake and lack of accident." *See* Tex. Penal Code Ann. § 22.021(c); Tex. R. Evid. 404(b)(2).

The trial court overruled the objection and allowed "the State to develop what's been outlined here for the purposes that's been stated." This evidence was admitted many times during Payne's trial, and Payne would consistently but fruitlessly reassert his prior objections.[4]

---

[3]An element of aggravated sexual assault is that the defendant acted without the other person's consent—the defendant compelled submission through threats of violence that the other person believed the defendant had the present ability to execute. *See* Tex. Penal Code Ann. §§ 22.011(b)(2), 22.021(c).

[4]Although the exact language of his objections differed slightly each time, Payne would refer to his "previous" objection. From the context of the record, it is apparent that the trial court understood the grounds of Payne's objections to the admission of the prior-relationship evidence. *See* Tex. R. App. P. 33.1(a)(1)(A).

In prosecutions for aggravated assault involving family violence, the State may offer evidence "of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense . . ., including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim." Tex. Code Crim. Proc. Ann. art. 38.371(b). However, the admission of evidence under this article does not allow admission of evidence that is proffered solely to show character conformity or that otherwise violates the rules of evidence. *Id.* art. 38.371(c).

## 1. Rule 404

Each prior incident involved Payne's physical assaults of Brown while they were in a dating relationship. Payne asserts that these extraneous acts were inadmissible under article 38.371 because their admission violated rule 404(a)(1) and (b)(1). But the past-relationship evidence was relevant for purposes other than character conformity. At trial, Payne asserted that Brown consented to the sexual assaults in an attempt to negate an element of the offense. *See De La Paz*, 279 S.W.3d at 343 ("One well-established rationale for admitting evidence of uncharged misconduct is to rebut a defensive issue that negates one of the elements of the offense."). Payne's defensive theory made Brown's consent a disputed issue; thus, the State was entitled to offer evidence showing that Brown believed Payne had the ability to make good on his threats based on her prior experiences with him, an element of the offense. *See* Tex. Penal Code Ann. §§ 22.011(b)(2), 22.021(c); *Casey v. State*,

5

215 S.W.3d 870, 879–82 (Tex. Crim. App. 2007); *Foster v. State*, No. 01-17-00537-CR, 2018 WL 1914871, at *4 (Tex. App.—Houston [1st Dist.] Apr. 24, 2018, pet. ref'd) (mem. op., not designated for publication); *Brown v. State*, 96 S.W.3d 508, 512 (Tex. App.—Austin 2002, no pet.). The trial court did not abuse its discretion by overruling Payne's rule 404 objections. We overrule point one.

## 2. Rule 403

Similarly, the admission of this evidence under article 38.371 did not violate rule 403, which allows the exclusion of relevant evidence if the danger of unfair prejudice substantially outweighs its probative value. Tex. R. Evid. 403. Probative value considers "the closeness in time between the extraneous offense and the charged offense" and "the similarities between the extraneous offense and the charged offense." *Kiser v. State*, 893 S.W.2d 277, 281 (Tex. App.—Houston [1st Dist.] 1995, pets. ref'd). The evidence that Payne previously and similarly physically assaulted Brown during the three months before the charged offense rebutted Payne's theory that Brown consented. Although the evidence was necessarily prejudicial, it was not unfairly so compared to its probative value. We conclude that the trial court did not abuse its discretion by admitting this evidence over Payne's rule 403 objections. *See Foster*, 2018 WL 1914871, at *5. We overrule points two and four.

## B. PAST DRUG USE

In his third point, Payne seems to assert on appeal that the responding police officer's testimony that Brown told him Payne had a history of drug use violated rule

6

802—the hearsay rule—and was therefore inadmissible under article 38.371(c). Tex. R. Evid. 802. Officer Anthony Stafford, who responded to the crime scene on February 20, 2016, testified to Brown's statements to him about the assaults, including Brown's assertion that she did not want to go into the shed where Payne had assaulted her because he "is known to use meth, and . . . he gets crazy when he uses meth." Brown also told Stafford that Payne had thrown a baggie of methamphetamine in the shed and had handed her a "meth pipe" to hide after he assaulted her.

Payne failed to object to the drug-use evidence on the basis of hearsay. The only objection directed to this specific testimony was to "leading questions." Although Payne had raised a hearsay objection earlier in Stafford's testimony when the State asked Stafford what Brown had told him about the charged offenses, this was ineffectual to preserve a hearsay objection to Stafford's later testimony regarding Payne's drug use. Thus, this argument is not preserved for our review.[5] *See* Tex. R.

---

[5]Even if the argument were preserved, the evidence was admissible as an excited utterance. Brown's statements to Stafford all pertained to her recounting of the indicted violent offenses. Stafford testified that Brown was "extremely emotionally drained[,] . . . scared, nervous, [and] worried" when talking to him. After Stafford noticed that Brown had dried vomit on her shirt, chin, and neck, Brown explained that Payne's making her perform "oral sex [had been] so vicious and rough that it forced her to vomit from it." We conclude that it was within the trial court's discretion to determine that Brown's statements to Stafford, including her statements regarding Payne's past drug use, were excited utterances and, thus, were admissible under an exception to the hearsay rule. *See* Tex. R. Evid. 803(2); *Zuliani v. State*, 97 S.W.3d 589, 595–96 (Tex. Crim. App. 2003); *Juarez v. State*, 461 S.W.3d 283, 295 (Tex. App.—Texarkana 2015, no pet.); *Davis v. State*, 268 S.W.3d 683, 703–04 (Tex. App.—Fort Worth 2008, pet. ref'd).

7

App. P. 33.1(a)(1); *Bell v. State*, No. 02-18-00244-CR, 2019 WL 1967538, at *3 (Tex. App.—Fort Worth May 2, 2019, no pet. h.) (mem. op., not designated for publication); *Washington v. State*, 449 S.W.3d 555, 565–66 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We overrule point three.

## C. LIMITING INSTRUCTION

In his final point, Payne asserts that the trial court abused its discretion by refusing his request for an immediate instruction to the jury, informing them of the appropriate consideration of the relationship-history evidence. *See* Tex. R. Evid. 105(a). Before Brown began to testify about her past relationship with Payne and after his admissibility objection had been overruled, Payne requested an immediate instruction to the jury "that any of this testimony should be limited . . . not for the guilt/innocence of the charges but . . . to put into context what is under 3[8].371 and not for the charge [with which] he's been accused." The trial court stated its intention to give the jury an appropriate limiting instruction in the jury charge.[6] Payne did not object to the court's solution and stated, "Thank you, Judge." As such, he failed to preserve this argument for our review.[7] *See* Tex. R. App. P. 33.1(a); *Wells v. State*, 241 S.W.3d 172, 179 (Tex. App.—Eastland 2007, pet. ref'd). We overrule point five.

---

[6]Payne recognized that such an instruction was included in the jury charge.

[7]Even if preserved, we agree with the State that Payne's substantial rights were not affected by the failure to give a contemporaneous limiting instruction. *See* Tex. R. App. P. 44.2(b).

## III.  CONCLUSION

The admission of evidence of Payne's past violent relationship with Brown was not an abuse of discretion, and Payne failed to preserve his arguments that the drug-use evidence was inadmissible hearsay and that the trial court erred by failing to contemporaneously instruct the jury of the limits to its consideration of the relationship-history evidence.  Having overruled Payne's appellate points, we affirm the trial court's judgments.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 23, 2019

9