Affirmed and Memorandum Opinion filed February 5, 2008








Affirmed and Memorandum Opinion filed February 5, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00989-CR

____________

 

HERIBERTO MUNIZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1048465

 



 

M E M O R A N D U M   O P I N I O N

Appellant Heriberto Muniz was convicted of aggravated
sexual assault of a child and sentenced to seventeen years and six months in
prison.  In a single issue, appellant contends the evidence is factually
insufficient to support the conviction.  We affirm.

BACKGROUND








On November 26,
2005, the day after Thanksgiving, Karla Perales took her three children, a son
and daughters S.M., age eight, and A.P., age seven, to appellant=s home.  Appellant
is the biological father of S.M., but the child lived with Perales.  Several
other children were also at appellant=s house that
night, including three female cousins of Perales=s children. 
Following some discussion, it was decided a babysitter would watch the children
while the adults went to a party at another house.  The five girls (S.M., A.P.,
and their three female cousins) went to sleep on a king size bed in one of the
bedrooms.  All five girls slept with their heads on the pillows at the top of
the bed.

Appellant and
Perales returned home a couple of hours after midnight.  Perales went to a sofa
in the living room to sleep; appellant watched television on another sofa in
the same room.  Finally appellant got up and said he was going to bed.  Perales
dozed off and then heard steps and voices in the hall.  The complainant, S.M.,
testified that she was asleep in the king size bed with the other girls when
she was awakened by appellant=s hands on her ankles.  Appellant pulled
her down to the foot of the bed.  S.M. testified appellant pulled her underwear
and sweat pants down, pulled his shorts down, and then touched his Amiddle part@ to her Amiddle part.@  She testified
that she felt something Ahard@ inside her Amiddle part@ and that it
hurt.  S.M. testified appellant then turned her over and touched his Amiddle part@ to her Abutt.@ 

Shortly after
appellant left the living room, Perales got up and went into the bedroom where
the five girls were.  Upon entering the room, she saw appellant standing at the
foot of the bed and S.M. on her back at the foot of the bed with her legs
hanging over the edge.  The other four girls still had their heads on the
pillows.  Perales asked appellant what he was doing, and he replied that the
child had Amoved down.@  Perales put her
hand under S.M. and found the child=s underpants and
sweat pants Abundled up in the back.@  Perales then
left appellant=s house, taking S.M., A.P., and some of the other
children with her.  She drove to appellant=s mother=s home where she
examined S.M. in the restroom and found her genital area Ared and swollen.@  S.M. told her
mother that appellant had touched his Amiddle part@ to her Amiddle part@ and to her
bottom.  She also told her mother that this was not the first time appellant
had touched her and that she had seen appellant touching A.P. on a previous
occasion.  








Perales took S.M. and A.P. to the hospital where a nurse
examined the girls.  The nurse discovered abrasions consistent with sexual
abuse on S.M.=s anus, and anal and labia swabs from S.M. tested
positive for semen.  At the hospital, Perales gave a statement to a Houston
police officer in the Juvenile Sex Crimes Unit.  S.M. and A.P. were interviewed
two days later at the Children=s Assessment Center (CAC).  S.M. gave
similar testimony to the forensic examiner at the CAC that she had given to
Perales.  After viewing their statements, the police officer filed a warrant
for appellant=s arrest.  Appellant was arrested and indicted on
three counts of aggravated sexual assault of a child under the age of fourteen.[1]

STANDARD OF REVIEW








In reviewing a jury=s determination
for factual sufficiency, we do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997).  Instead, we look at all evidence in a neutral
light and will reverse only if (1) the evidence is so weak that the finding
seems clearly wrong and manifestly unjust, or (2) considering conflicting
evidence, the finding, though legally sufficient, is nevertheless against the
great weight and preponderance of the evidence.  See Watson v. State,
204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006).  In our review,
we must consider the evidence that appellant claims most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  We cannot declare
that a conflict in the evidence justifies a new trial simply because we may
disagree with the factfinder=s resolution of that conflict.  See
Watson, 204 S.W.3d at 417.  Nor can we conclude a finding is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, we would have voted differently had we
been the fact finder.  See id.  Rather, before ordering a new trial, we
must first be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the verdict.  See
id.

ANALYSIS

To support a conviction for aggravated sexual assault of a
child, the State had to prove appellant intentionally or knowingly caused the
sexual organ of a child younger than fourteen years of age to contact or
penetrate the mouth, anus, or sexual organ of the actor.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B),
2(B) (Vernon Supp. 2005).  Appellant was convicted on one count of causing his
sexual organ to contact the sexual organ of S.M., a child under the age of
fourteen.

In his sole issue on appeal, appellant argues the evidence
is factually insufficient to sustain his conviction.  Specifically, appellant
argues: (1) the circumstances make it unlikely that he committed the offense,
(2) the scientific evidence does not conclusively link appellant to the offense
and is more consistent with abuse occurring earlier than alleged by S.M., (3)
S.M.=s delayed
cognitive development casts doubt on the credibility of her testimony, (4) the
outcry witness, a CAC forensic examiner, Adragged@ S.M.=s story out of
S.M., making what S.M. told the outcry witness less credible, (5) Perales=s testimony was
not credible because she had a motive to cause trouble for appellant and had
been using cocaine that night, and (6) two family members gave testimony
inconsistent with S.M.=s testimony.  Appellant asserts that
contradictory testimony and inconclusive scientific evidence render the
evidence factually insufficient to sustain his conviction.  We address each of
appellant=s arguments in turn.








Appellant first argues that the circumstances as alleged
make it unlikely he committed the offense.  He would have had to commit the
offense while four other children slept in the same bed, one of whom appellant
testified was a light sleeper.  In addition, none of the other four girls in
the bed saw anything untoward occur that night.  While this evidence suggests
appellant could not have easily committed the alleged sexual assault, it does
not necessarily lead a rational jury to conclude appellant could not have done
so.  See Tran v. State, 221 S.W.2d 79, 89 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d) (holding that rational jury could have
concluded appellant committed alleged sexual offense even though victim=s father and
siblings, who lived with appellant and victim, never heard of alleged
occurrences and even though appellant worked twelve to sixteen hours a day); Carty
v. State, 178 S.W.3d 297, 304 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d) (finding evidence factually sufficient
to support alleged assault even though little brother was asleep on floor in
same room during one assault and heard nothing).  The time and location of the
assault therefore do not make the evidence supporting the conviction factually
insufficient.  See Ratcliffe v. State, No. 14-06-00543-CR, 2007 WL
1745831, at *5 (Tex. App.CHouston [14th Dist.] June 19, 2007, no
pet. h.) (mem. op., not designated for publication) (concluding evidence
supporting conviction was not overwhelmed by fact sexual assault on child
occurred in plain view in a restaurant).  








Appellant argues Perales=s testimony
regarding what she saw the night of the offense is not credible because Perales
is an admitted cocaine user, she had been drinking that evening and using
cocaine, and the rocky relationship between Perales and appellant gave Perales
a motive to testify against appellant.  Appellant testified that while at the
party, he accidentally walked in on Perales doing cocaine in the bathroom. 
Appellant also presented letters Perales wrote to him after he was arrested. 
In the letters, Perales stated she was sorry for what had happened and was
unsure about what had occurred that night.  Perales, on the other hand,
testified that she did not use cocaine on the night of the offense.  The State
also introduced letters appellant wrote to Perales, telling Perales that if she
wanted to help appellant she should Adisappear for a
year or talk to [the State=s lawyer] and tell her you made a mistake
or something or tell the girls to change their story.@  Perales further
testified appellant=s mother placed tremendous pressure on
her, making Perales feel that appellant and the other children were suffering
because of her.     This evidence, cited by appellant as contrary to the
verdict, actually goes to the weight of appellant=s and Perales=s testimony.  When
it comes to witness credibility and the weight to be given a witness=s testimony, the
jury is the exclusive judge.  Penagraph v. State, 623 S.W.2d 341, 343
(Tex. Crim. App. 1981).  The jury may believe all, some, or none of any witness=s testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  A jury decision is
not manifestly unjust merely because the jury resolved conflicting views of
evidence in favor of the State.  Cain, 958 S.W.2d at 410.  We defer to
the jury=s implicit
determination that Perales=s testimony was credible.  See
Rodriguez v. State, 819 S.W.2d 871, 872 (Tex. Crim. App. 1991)
(finding that jury could disbelieve appellant=s testimony that
victim=s mother
fabricated story out of spite because appellant had ended their affair and gone
back to his wife).  We conclude this evidence does not render the verdict
factually insufficient.








Appellant next claims S.M.=s statement to the
outcry witness and her testimony at trial were not credible because S.M. could
not accurately recall and relate the events.  Appellant argues this raises the
possibility the events were planted in her mind by others.  The record reflects
that S.M. is somewhat developmentally delayed for a child her age.  Perales
testified S.M. is in special education classes and receives Social Security
benefits.  Claudia Mullins, the outcry witness and forensic examiner at the CAC
who interviewed S.M. two days after the assault, testified S.M. Awas not really
developmentally on target.@  Mullins testified S.M. could not really
answer her questions as to when the assault occurred_whether it
occurred before or after Thanksgiving or before or after Halloween_and children of
S.M.=s age can usually
answer such questions.  In addition, appellant claims Mullins had to Adrag@ S.M.=s testimony out of
her because at first S.M. told Mullins nothing had happened and only after
further questioning did she relate the assault.  Appellant claims the
contradictory testimony given by other defense witnesses further supports his
argument that S.M.=s testimony is not credible.  Two of S.M.=s relatives gave
testimony inconsistent with S.M.=s account.  One
cousin testified S.M. told her nothing had happened and that her mother made
her lie.  Another cousin testified she was in the bed with S.M. that night,
slipping in and out of sleep, and nothing had happened.

The testimony of a child sexual abuse victim alone is
sufficient to support a conviction for aggravated sexual assault.  Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005).  Courts give wide latitude to testimony given by child victims
of sexual abuse.  See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim.
App. 1990) (en banc).  The victim=s description need
not be precise, nor is she expected to express herself at the same level of
sophistication as an adult.  Id.  Further, outcry testimony alone is
also sufficient to sustain a conviction for aggravated sexual assault.  See
Rodriguez, 819 S.W.2d at 873B74.

The record before us demonstrates that even though
developmentally delayed, S.M. articulated what appellant did to her.  S.M.
testified at trial that appellant pulled down his pants and her pants and
touched his Amiddle part@ to her Amiddle part@ and to her Abutt@ and that
appellant=s Amiddle part@ inside her felt Ahard@ and Awet@ and Ahurt.@  S.M.=s inability to
relate the time frame in which the events occurred does not outweigh the rest
of her testimony.  See Villalon, 791 S.W.2d at 134; Tran, 221
S.W.3d at 83, 88 (holding that child=s testimony,
though ambiguous as to location of sexual assault, was still sufficient to
support conviction).  Further, Mullins=s testimony
regarding the outcry statement corroborated S.M.=s testimony.  The
jury may have found both S.M. and Mullins credible witnesses and disbelieved
the cousins= accounts.  Or the jury may have believed one cousin
testified truthfully to what S.M. told her, but chose to disbelieve S.M.=s statement to the
cousin that her father did not touch her.  See Sudds v. State, 140
S.W.3d 813, 818 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(concluding jury was entitled to disbelieve recantation by witness).  It is not
our function to attempt to determine which version of the story we would have
believed had we been the factfinder.  See Fernandez v. State, 805 S.W.2d
451, 456 (Tex. Crim. App. 1991).  








Viewed in a neutral light, we conclude S.M.=s and Mullins=s testimonies
established the essential elements of aggravated assault of a child.  See Tex. Penal Code Ann. _
22.021(a)(1)(B)(1).  The evidence to the contrary is not so weak as to
undermine confidence in the jury=s determination.  Escamilla
v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004); see also Ozuna v.
State, 199 S.W.3d 601, 609B10 (Tex. App.CCorpus Christi
2006, no pet.) (despite child=s hyperactivity and difficulty
communicating with examiner, testimony by child established essential elements
of aggravated sexual assault and was sufficient to sustain conviction); Perez
v. State, 113 S.W.3d 819, 837 (Tex. App.CAustin 2003, pet.
ref=d) (testimony
about assault by child who habitually lied and admitted to giving conflicting
accounts of incident was factually sufficient to support conviction).  

Finally, appellant argues the inconclusive scientific
evidence, in conjunction with the contradictory testimony, is at best
inconclusive as to whether appellant committed the offense.  Analysis of the
semen found on S.M. did not establish the identity of the sperm donor and
therefore does not conclusively link appellant to the offense.  Appellant also
argues the lack of semen found in S.M.=s underwear
indicates that any assault, if it took place, occurred at a much earlier time
than S.M. alleges and therefore was committed by someone else.








Properly admitted outcry testimony need not be corroborated
or sustained by independent evidence.  Rodriguez, 819 S.W.2d at 874. 
This court has found evidence factually sufficient to sustain a sexual assault
conviction despite inconclusive scientific evidence of the assault.  See
Tran, 221 S.W.2d at 89 (inconclusive medical examination did not render
evidence factually insufficient to support conviction); Galinda v. State,
No. 14-06-00230-CR, 2007 WL 1470217, at *2B3 (Tex. App.CHouston [14th
Dist.] May 22, 2007, pet. struck) (mem. op., not designated for publication)
(evidence factually sufficient despite victim recanting her story and lack of
physical evidence proving appellant committed assault); accord Ozuna,
199 S.W.3d at 609 (conviction affirmed despite inconclusive physical evidence
of assault); Perez, 113 S.W.2d at 837 (evidence factually sufficient
despite normal genital exam).  The physical evidence indicates S.M. was
sexually assaulted.  From the record before us, we are thus unable to conclude
that the lack of physical evidence directly linking appellant to the offense
renders the verdict factually insufficient. 

After reviewing the evidence in a neutral light, we
conclude the evidence is not so weak as to be clearly wrong and manifestly
unjust, nor is there contrary evidence that makes the finding of guilt against
the great weight and preponderance of the evidence.  Watson, 204 S.W.3d
at 414.  Accordingly, we conclude the evidence is factually sufficient to
support appellant=s conviction, and we overrule appellant=s sole issue.  

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered and Memorandum
Opinion filed February 5, 2008.

Panel consists of Justices Yates,
Fowler, and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  Two counts concerned assaults on S.M., and one count
involved an assault on A.P.